74 P.3d 1205 (2003)
118 Wash.App. 110
STATE of Washington, Respondent,
v.
Joyce ZIEGENFUSS, Appellant.
No. 51145-9-I.
Court of Appeals of Washington, Division 1.
August 25, 2003.
*1206 Lisa Daugaard, Attorney at Law, Seattle, WA, for Appellant.
David Seaver, King Co. Pros. Office, Randi Austell, Attorney at Law, King Co. Pros. Attorney, Seattle, WA, for Respondent.
ELLINGTON, J.
Under the Offender Accountability Act as amended in 2000, alleged violations of sentence conditions in drug cases are adjudicated by the Department of Corrections.[1] Joyce Ziegenfuss pled guilty to possession of cocaine, and her sentence includes a financial obligation. She argues the statute and regulations now governing violation hearings do not provide adequate procedural safeguards to ensure she will not be punished if she is unable to pay, and that therefore her due process rights were violated by imposition of the obligation at sentencing. Because she has not yet failed to pay her legal financial obligations, nor been incarcerated or otherwise sanctioned for violating the terms of her community custody, her due process rights have not been violated and her argument is not yet ripe for review.
At sentencing after her plea, Ziegenfuss sought a waiver of all legal financial obligations on grounds that she is disabled, has never been employed, and is unlikely ever to have the means to satisfy any such obligations. The court waived all obligations except the $500 Victim's Penalty Assessment (VPA), which is mandatory.[2]
Ziegenfuss argues that the DOC procedures for adjudication are unconstitutional, because indigent offenders are not provided the safeguards required by the Constitution to protect against punishment for non-willful failure to pay legal financial obligations. The unconstitutionality of a law is not ripe for review unless the person seeking review is harmed by the part of the law alleged to be unconstitutional.[3] Ziegenfuss has not failed to pay the VPA, nor has she been incarcerated or otherwise sanctioned for violating the terms of her community custody. As yet, therefore, she has suffered no harm, and her challenge to the constitutionality of the process in DOC community custody violation hearings is premature.
Ziegenfuss argues, however, that because DOC procedures provide none of the necessary constitutional safeguards, the trial court should have waived the penalty. Essentially, she argues that she is in jeopardy of an unconstitutional adjudication from which there will be no available relief.
If Ziegenfuss is accused of violating the terms of her community custody, she is entitled to the procedural due process safeguards outlined in Morrissey v. Brewer,[4] in which the U.S. Supreme Court described the process due in parole revocation hearings.[5] At minimum, these safeguards include: (1) written notice of the claimed violations; (2) disclosure of the evidence against the accused; (3) the opportunity to be heard in person, and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (5) a neutral and detached hearing body; and (6) a written statement by the factfinders as to the evidence relied on and reasons for concluding the violation occurred.[6]
The regulations governing community custody violation hearings appear to meet these requirements. They guarantee both a probable cause hearing and a violation hearing,[7] *1207 notice of the hearings,[8] written notice of the nature of the allegations,[9] the right to examine the evidence to be presented at the hearing,[10] a neutral and detached hearing officer from the DOC hearing unit to preside over the proceeding,[11] an opportunity for release pending the violation hearing,[12] and an opportunity for the accused to testify, present witnesses and evidence on her behalf, and cross-examine adverse witnesses.[13]
Ziegenfuss nevertheless contends DOC's procedures are constitutionally inadequate, because in cases where the alleged violation is failure to pay legal financial obligations, a hearing officer may invoke sanctions, including total confinement, without considering her ability to pay ("upon any finding that a defendant failed to pay").[14] But there is no language in the regulations requiring imposition of sanctions without regard to ability to pay, and as the State concedes, imposition of sanctions without an inquiry into ability to pay would violate due process and article I, section 17 of the Washington Constitution.[15] Incarceration cannot occur unless the State proves that failure to pay is willfulthat the accused has the means to pay and has intentionally failed to do so.[16] The regulation permits a hearing officer to "receive relevant evidence including hearsay evidence" and to "[q]uestion witnesses called by the parties in an impartial manner to elicit any facts deemed necessary to fairly and adequately decide the matter,"[17] and permits the offender to rebut the State's evidence. This is consistent with due process.
Ziegenfuss also argues that due process requires a judicial, rather than an administrative, adjudication of community custody violations. She relies on State v. Curry, where our Supreme Court held that, in light of safeguards at the point of enforcement of the payment requirement, there was no due process need for the sentencing court to inquire into the defendant's ability to pay at the time it imposed the VPA.[18] The safeguards identified in Curry included the opportunity to demonstrate indigency and nonwillfullness.[19] Ziegenfuss' conclusion that these safeguards can be provided only in a judicial adjudication, however, is incorrect. As described above, the procedural safeguards due in a community custody violation hearing can be provided in administrative hearings.
Ziegenfuss next argues that the DOC regulations violate due process because she could be incarcerated pending a hearing on the merits of the alleged violation. She does not explain, however, why such incarceration necessarily violates due process. The incarceration is not indefinite; WAC 137-04-050(5) requires a determination of probable cause within three working days after an "offender is arrested and detained, without a warrant, for violation of conditions of supervision." This procedure is actually more protective that the previous judicial procedure, which permitted an offender accused of a violation to be arrested "without a warrant, pending a determination by the court."[20]
Finally, Ziegenfuss argues the regulations violate due process because they expressly prohibit representation by counsel in the hearings.[21] The State contends that under *1208 McNeal, due process does not require representation by counsel in community custody violation hearings.[22] The right to counsel, however, is determined on a case by case basis.[23] Because Ziegenfuss has not been denied access to counsel at a community custody violation hearing, her claim is not ripe for review.[24]
Affirmed.
COX and COLEMAN, JJ., concur.
NOTES
[1] 2000 LAWS OF WASHINGTON ch. 28 § 25.
[2] RCW 7.68.035(1).
[3] State v. Langland, 42 Wash.App. 287, 292, 711 P.2d 1039 (1985); see also State v. Curry, 118 Wash.2d 911, 917, 829 P.2d 166 (1992) (constitutionality of VPA payment not ripe for review at sentencing, but only at "point of enforced collection"); State v. Phillips, 65 Wash.App. 239, 244, 828 P.2d 42 (1992) (issue of costs not ripe for review when costs imposed, but only when State attempts to collect).
[4] 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).
[5] See Personal Restraint Petition of McNeal, 99 Wash.App. 617, 630-33, 994 P.2d 890 (2000).
[6] McNeal, 99 Wash.App. at 628-29, 994 P.2d 890 (citing Morrissey, 408 U.S. at 489, 92 S.Ct. 2593).
[7] WAC 137-104-050(1), (5).
[8] WAC 137-104-050(6).
[9] WAC 137-104-050(8).
[10] WAC 137-104-060(4).
[11] WAC 137-104-050(2),-060(3).
[12] WAC 137-104-050(7).
[13] WAC 137-104-050(10), -060(8)-(10).
[14] Appellant's Brief at 15.
[15] See Curry, 118 Wash.2d at 918, 829 P.2d 166.
[16] See State v. Blank, 131 Wash.2d 230, 241-42, 930 P.2d 1213 (1997).
[17] WAC 137-104-050(15)(e), (f).
[18] Curry, 118 Wash.2d at 917-18, 829 P.2d 166.
[19] See Curry, 118 Wash.2d at 918, 829 P.2d 166.
[20] Former RCW 9.94A.195 (1984), recodified as RCW 9.94A.631.
[21] See WAC 137-104-060(7) ("[No person other than an interpreter] may provide representation in presenting the case. There is no right to an attorney or counsel.")
[22] See McNeal, 99 Wash.App. at 634-35, 994 P.2d 890.
[23] Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).
[24] We note that Ziegenfuss' case differs factually from McNeal in that McNeal was decided when community custody referred only to DOC supervision in lieu of earned early release. McNeal simply interpreted the U.S. Supreme Court's decision in Gagnon v. Scarpelli, which held that the question of whether due process requires counsel at parole revocation hearings must be answered on a case-by-case basis. Scarpelli, 411 U.S. at 790, 93 S.Ct. 1756.