FILED
COURT OF APPEALS
DIVISION II

2013 JUN 12 AM 11: 09

STATE OF WASHINGTON

BY_____
            DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 42423-1-II |
| Respondent, | |
| v. | |
| BRIAN DAVID TAUSCHER, | UNPUBLISHED OPINION |
| Appellant. | |

QUINN-BRINTNALL, P.J. — Brian Tauscher was charged with multiple felonies related to sexual contact with his stepdaughter. Tauscher pleaded guilty to one count of first degree attempted child molestation. Tauscher appeals (1) the trial court's denial of his motion to withdraw his guilty plea, (2) the trial court's denial of his motion to appoint new counsel, (3) the trial court's comparability finding regarding his California conviction, and (4) the trial court's findings regarding Tauscher's ability to pay his legal financial obligations. The trial court did not err by denying Tauscher's motions, Tauscher's California conviction was properly included in his offender score, and we reject the State's concession regarding the trial court's findings regarding Tauscher's ability to pay his legal financial obligations. Accordingly, we affirm.

FACTS

On June 1, 2010, the State charged Tauscher with one count of first degree rape of a child, one count of first degree incest, and one count of first degree child molestation, all with aggravating factors. On July 16, 2010, the State filed an amended information charging Tauscher with one count of attempted first degree child molestation. Tauscher agreed to plead guilty to the amended information. Tauscher's offender score was calculated at nine. Tauscher's standard range was a minimum of 111.75 to 148.5 months with a mandatory maximum of life in prison. After conducting a colloquy with Tauscher, the trial court found that the plea was "knowingly, intelligently, and voluntarily made with an understanding of the charges and the consequences of the plea, there's a factual basis for the plea, and that you're guilty as charged." Report of Proceedings (RP) (July 16, 2010) at 8. Tauscher then entered a signed statement of defendant on plea of guilty to sex offense.

After entering his guilty plea, Tauscher wrote a pro se letter to the court requesting to withdraw his guilty plea. In the letter, Tauscher wrote,

> [Defense counsel] coersed [sic] me into taking a plea by telling me I should take the deal cause it is a good deal, and if I take the deal at least I know I'm getting out in a few year's [sic]. He also said that I really didn't have a chance with the jury. . . . Then he said if we do go to trial and I lose the jury will find me guilty on all account's [sic] and I will do life.

Clerk's Papers (CP) at 69. Tauscher also filed a request for new counsel because he felt defense counsel was "not doing his job." CP at 71. Tauscher also included allegations that two of his sons had stated that the victim had been told what to say by her grandmother.

On August 25, 2010, the trial court held a sentencing hearing and addressed Tauscher's motions. Defense counsel told the trial court that he continued to work with Tauscher even after Tauscher filed his motions. The following exchange also took place:

2

[COURT]: Mr. Tauscher, do you want to be heard on it? Anything in addition to what you've already written in?

[DEFENDANT]: I feel with proper representation I have a good chance of going to trial and beating this.

[COURT]: So why did you plead guilty then?

[DEFENDANT]: I felt I was pushed into it.

[COURT]: By whom and how?

[DEFENDANT]: By Mr. Brown.

[COURT]: What [did] he do to push you into it?

[DEFENDANT]: He told me if I didn't do the deal I would be doing life without parole.

[COURT]: Which is entirely possible. You told the judge, me, all of us, that you were pushed into it, you didn't want to plead? This was totally involuntary when we went through the plea.

[DEFENDANT]: Yes, sir.

[COURT]: You told me that? No, of course you didn't tell me that. I'm talking about when you did your plea.

[DEFENDANT]: Sorry, sir.

[COURT]: You didn't, did you?

[DEFENDANT]: No.

[COURT]: There is no basis here to withdraw the plea as far as I can see so I'll deny both motions. Are we ready to do sentencing?

RP (Aug. 25, 2010) at 12-13. After denying Tauscher's motions, the trial court sentenced Tauscher based on the State's recommendation in the plea agreement.

On November 5, 2010, Tauscher filed a pro se motion to modify or correct judgment or sentence. In the motion, Tauscher alleged that his offender score was incorrectly calculated because his California convictions were not comparable to Washington felonies. Tauscher specifically argued that his California conviction was for grand theft of an animal carcass and the California statute is not comparable to a Washington statute. After Tauscher obtained new appointed counsel, Tauscher's counsel filed an amended motion to modify but adopted both of Tauscher's arguments regarding his California convictions. The State conceded that Tauscher's California conviction for lewd and lascivious behavior is not comparable to a Washington felony, but argued that California's grand theft of an animal carcass statute was comparable to

Washington's theft of livestock statute. The trial court agreed with the State. The State recalculated Tauscher's offender score at six which resulted in a new standard range of 73.5 to 97.5 months. The trial court resentenced Tauscher to 97.5 months with a maximum term of life. Tauscher timely appeals.

## ANALYSIS

MOTION TO WITHDRAW GUILTY PLEA

Tauscher argues that the trial court erred by denying his motion to withdraw his guilty plea because he had established that his plea was involuntary and he received ineffective assistance of counsel. Furthermore, Tauscher argues that the trial court erred because he denied Tauscher's motion without investigating Tauscher's claim that his plea was coerced. But Tauscher did not make any allegations that could establish a claim that his plea was coerced, therefore the trial court did not err by either denying Tauscher's motion to withdraw his guilty plea or by failing to hold a hearing to investigate Tauscher's claim.

We review a trial court's decision on a motion to withdraw a guilty plea for an abuse of discretion. *State v. Pugh*, 153 Wn. App. 569, 576, 222 P.3d 821 (2009) (citing *State v. Marshall*, 144 Wn.2d 266, 280, 27 P.3d 192 (2001), *abrogated by State v. Sisouvanh*, 175 Wn.2d 607, 290 P.3d 942 (2012)). A trial court abuses its discretion when it bases its decision on untenable grounds or reasons. *Pugh*, 153 Wn. App. at 576 (citing *State v. Brown*, 132 Wn.2d 529, 572, 940 P.2d 546 (1997), *cert. denied*, 523 U.S. 1007 (1998)). Under CrR 4.2(f), "the court shall allow a defendant to withdraw the defendant's plea of guilty 'whenever it appears that the withdrawal is necessary to correct a manifest injustice.'" *Pugh*, 153 Wn. App. at 577 (quoting CrR 4.2(f)). "'Manifest injustice' means 'an injustice that is obvious, directly observable, overt, [and] not obscure.'" *Pugh*, 153 Wn. App. at 577 (alteration in original) (quoting *State v. Taylor*, 83 Wn.2d

4

594, 596, 521 P.2d 699 (1974)). There are four indicia of manifest injustice: (1) the defendant received ineffective assistance of counsel, (2) the defendant did not ratify his plea agreement, (3) the plea was involuntary, and (4) the prosecution did not honor the plea agreement. *Pugh*, 153 Wn. App. at 577 (citing *Taylor*, 83 Wn.2d at 597). "Because of the many safeguards that precede a guilty plea, the manifest injustice standard for plea withdrawal is demanding." *Pugh*, 153 Wn. App. at 577 (citing *Taylor*, 83 Wn.2d at 596).

Tauscher claims that he should be permitted to withdraw his guilty plea because his plea was involuntary and he received ineffective assistance of counsel. Tauscher raises two different grounds for withdrawing his guilty plea, but both grounds are based on the same allegations regarding his defense counsel's conduct. Tauscher's allegations include defense counsel telling him that he would probably be convicted at trial and he would get life if he was convicted. In an additional motion for appointment of counsel pursuant to CrR 3.1, Tauscher argued that he should be given new counsel for the following reasons:

> Reason 1) Mr. Brown was asked to obtain video and audio from CPS instead he called and asked if anybody saw or heard anything! Reason 2) Mr. Brown refused to call upon my witnesses and instead went fishing – not once but twice! Reason 3) Once Mr. Brown had gotten a plea bargain, he waited a week to tell me about it, then his demeanor towards this case went downhill!

CP at 79.

Tauscher's claim that his plea was involuntary, fails because he has not presented sufficient evidence to overcome the strong presumption that his plea was voluntary. As we have observed,

> When a defendant fills out a written statement on plea of guilty in compliance with CrR 4.2(g) and acknowledges that he or she has read it and understands it and that its contents are true, the written statement provides prima facie verification of the plea's voluntariness. When the judge goes on to inquire orally

> of the defendant and satisfies himself on the record of the existence of various criteria of voluntariness, the presumption of voluntariness is well nigh irrefutable.

*State v. Perez*, 33 Wn. App. 258, 261-62, 654 P.2d 708 (1982) (citations omitted). To overturn the trial court's finding that Tauscher entered into his plea voluntarily, we would need to consider the trial court's finding to be "manifestly erroneous." *State v. McLaughlin*, 59 Wn.2d 865, 870, 371 P.2d 55 (1962). Here, Tauscher signed the guilty plea and, after conducting a colloquy on the record, the trial court found that Tauscher's plea was voluntary. Tauscher's subsequent allegations are not sufficient to overcome the presumption that Tauscher's plea was voluntary or that the trial court's original finding was manifestly erroneous. Therefore, the trial court did not abuse its discretion when it denied Tauscher's motion to withdraw his guilty plea based on voluntariness.

Tauscher's ineffective assistance of counsel claim also fails. "In a plea bargaining context, 'effective assistance of counsel' merely requires that counsel 'actually and substantially [assist] his client in deciding whether to plead guilty.'" *State v. Osborne*, 102 Wn.2d 87, 99, 684 P.2d 683 (1984) (alteration in original) (quoting *State v. Cameron*, 30 Wn. App. 229, 232, 633 P.2d 901, *review denied*, 96 Wn.2d 1023 (1981)). Defense counsel must inform the defendant of all direct consequences of the guilty plea. *State v. A.N.J.*, 168 Wn.2d 91, 113-14, 225 P.3d 956 (2010). Furthermore, effective assistance of counsel requires "not only communicating actual offers, but discussion of tentative plea negotiations and the strengths and weaknesses of the defendants' case so that the defendants know what to expect and can make an informed judgment whether or not to plead guilty." *State v. James*, 48 Wn. App. 353, 362, 739 P.2d 1161 (1987).

6

*State v. Smith*, 74 Wn. App. 844, 875 P.2d 1249 (1994), *review denied*, 125 Wn.2d 1017 (1995), addresses a similar issue. In *Smith*, the defendant asserted that "his guilty pleas to all three charges were not voluntary because at the time he entered the pleas he was severely depressed and under pressure from his counsel to enter the pleas." 74 Wn. App. at 850. This court held that because Smith could not demonstrate a causal connection between his psychological disorders and his decision to take the plea, the allegations against his defense attorney were unsubstantiated and the trial court did not err by refusing to allow him to withdraw his guilty plea. *Smith*, 74 Wn. App. at 850-51.

Here, Tauscher's allegations are not sufficient to allege an ineffective assistance of counsel claim; in fact, Tauscher's allegations support the contention that he received effective assistance of counsel. Tauscher's defense counsel was required to explain to him the consequences of the charges and the strength or weakness of Tauscher's case. *James*, 48 Wn. App. at 362. Therefore, defense counsel's statements about the possibility of Tauscher getting life in prison or losing his case were actually required for defense counsel to adequately explain the plea offer. Tauscher has not offered any evidence which would demonstrate his defense counsel coerced him into accepting the State's guilty plea offer, therefore he has not met his burden of demonstrating ineffective assistance of counsel. *Smith*, 74 Wn. App. at 850. The remainder of Tauscher's allegations have no bearing on whether he received effective assistance of counsel for his plea agreement. A thorough investigation of a case is not required to actually and substantially assist a client with the decision to plead guilty so long as the defense counsel has sufficient information to explain the strengths and weaknesses of the defendant's case. *See State v. Young*, 62 Wn. App. 895, 802 P.2d 829, 817 P.2d 412 (1991). Accordingly, Tauscher

has failed to demonstrate that he received ineffective assistance of counsel when entering into his plea.

Furthermore, the trial court was not required to hold a special evidentiary hearing to investigate Tauscher's claim that his defense counsel coerced him into accepting the plea agreement. Here, Tauscher set out his allegations in two pro se motions as well as two letters. The record demonstrates that the trial court reviewed these documents prior to making his decision. Furthermore, neither Tauscher nor his defense counsel asked to present additional information that should be added to the record. Because the trial court relied on the written pleadings, rather than simply the original colloquy establishing that the plea was made voluntarily, the trial court did not err by refusing to hold an additional hearing to investigate Tauscher's claim.

Tauscher bears the burden of demonstrating a manifest injustice that requires permitting him to withdraw his guilty plea. *See Pugh*, 153 Wn. App. at 577 (citing *Taylor*, 83 Wn.2d at 596). Because Tauscher fails to establish that the trial court's finding that his plea was voluntary was manifestly erroneous or that he received ineffective assistance of counsel, Tauscher has failed to meet his burden to demonstrate a manifest injustice. Accordingly, the trial court did not abuse its discretion when it denied Tauscher's motion to withdraw his guilty plea.

APPOINTMENT OF NEW COUNSEL

Tauscher alleges that the trial court was required to appoint new counsel prior to deciding Tauscher's motion to withdraw his guilty plea because part of Tauscher's allegations included ineffective assistance of counsel. In addition to his allegations about coercion, Tauscher alleged that his defense counsel improperly investigated his case. But because simple allegations of

ineffective assistance of counsel do not entitle a defendant to new counsel, the trial court did not abuse its discretion by failing to appoint new counsel for Tauscher.

We review a trial court's decision to deny a motion to appoint new counsel for abuse of discretion. *State v. Varga*, 151 Wn.2d 179, 200, 86 P.3d 139 (2004). "Factors to be considered include 'the reasons given for the defendant's dissatisfaction, together with [the trial court's] own evaluation of the competence of existing counsel and the effect of substitution upon the scheduled proceedings.'" *State v. Rosborough*, 62 Wn. App. 341, 346, 814 P.2d 679 (alteration in original) (quoting *State v. Stark*, 48 Wn. App. 245, 253, 738 P.2d 684, *review denied*, 109 Wn.2d 1003 (1987)), *review denied*, 118 Wn.2d 1003 (1991). A mere allegation of ineffective assistance of counsel does not create an inherent conflict of interest requiring substitute counsel. *Rosborough*, 62 Wn. App. at 346.

As explained above, Tauscher's allegations fail to demonstrate he received ineffective assistance of counsel. Therefore, there was no conflict of interest that would require appointment of new counsel and the trial court did not abuse its discretion by denying Tauscher's motion. It is important to note that Tauscher's allegations must be viewed under the standard for effective assistance of counsel during *plea negotiations* not during or after trial. While failure to contact or call witnesses who could potentially exonerate the defendant may be ineffective assistance of counsel after a defendant has gone to trial, it is not ineffective assistance of counsel when advising a defendant about a plea agreement. *See Young*, 62 Wn. App. 895. Therefore, Tauscher's allegations about his defense counsel failing to contact CPS or additional witnesses do not support a claim of ineffective assistance of counsel which would require the trial court to appoint new counsel.

CALIFORNIA CONVICTION

Tauscher argues that his offender score was improperly calculated because *Cal. Penal Code* § 487a (Grand theft; stealing, transporting, appropriating, etc., carcass of animal) is not comparable to a Washington felony. But the California order of probation Tauscher presented to the trial court shows that in 1995 Tauscher pleaded nolo contendre to a violation of former *Cal. Penal Code* § 487(a) (1993) (grand theft). To resolve this discrepancy, we remanded to the trial court for a reference hearing to determine under which statute Tauscher was convicted. The trial court found that Tauscher was convicted of grand theft under former *Cal. Penal Code* § 487(a) and concluded that California's grand theft statute was comparable to Washington's second degree theft statute, former RCW 9A.56.040 (1994).[1]

In his supplemental briefing regarding the reference hearing on remand, Tauscher argues that the trial court improperly considered additional evidence regarding Tauscher's California conviction. Sufficient evidence in the original record supports the trial court's finding that Tauscher was convicted of grand theft under former *Cal. Penal Code* § 487(a).[2] Therefore, although we are inclined to disagree with Tauscher's assertion, we do not decide whether additional evidence was properly considered on remand. *See* LAWS OF 2008, ch. 231, § 1 ("Given the decisions in *In re Cadwallader*, 155 Wn.2d 867[, 123 P.3d 456] (2005); *State v.*

---

[1] In 2009, the legislature amended RCW 9A.56.040 to increase the minimum value of property for second degree theft from $250 to $750. LAWS OF 2009, ch. 431, § 8. But we apply the statutes in effect at the time the offense was committed. Accordingly, we compare the California and Washington statutes in effect in 1995.

[2] In the statement of defendant on plea of guilty, Tauscher stipulated that he had a prior conviction for a violation of former *Cal. Penal Code* § 487(a) and the minute and order of probation Tauscher submitted to the court in support of his motion to modify and correct his offender score shows that Tauscher pleaded nolo contendre to a violation of former *Cal. Penal Code* § 487(a).

*Lopez*, 147 Wn.2d 515[, 55 P.3d 609] (2002); *State v. Ford*, 137 Wn.2d 472[, 973 P.2d 452] (1999); and *State v. McCorkle*, 137 Wn.2d 490[, 973 P.2d 461] (1999), the legislature finds it necessary to amend the provisions in RCW 9.94A.500, 9.94A.525, and 9.94A.530 in order to ensure that sentences imposed accurately reflect the offender's actual, complete criminal history, whether imposed at sentencing or upon resentencing."). Accordingly, our analysis is limited to whether Tauscher's 1995 California conviction was comparable to a Washington felony. We hold that it was.

"Out-of-state convictions for offenses shall be classified according to the comparable offense definitions and sentences provided by Washington law." RCW 9.94A.525(3). Washington courts employ a two-part test to determine whether foreign convictions are comparable to Washington offenses. *In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 255, 111 P.3d 837 (2005). The court must compare the elements of a Washington criminal statute in effect when the foreign crime was committed. *In re Lavery*, 154 Wn.2d at 255 (citing *State v. Morley*, 134 Wn.2d 588, 605-06, 952 P.2d 167 (1998)). If the elements of the foreign conviction are comparable to the elements of a Washington strike offense on their face, the foreign conviction counts toward the defendant's offender score. *In re Lavery*, 154 Wn.2d at 255.

Under former *Cal. Penal Code* § 487, grand theft was "theft committed . . . (a) [w]hen the money, labor, or real or personal property taken is of a value exceeding four hundred dollars ($400)." A person was guilty of theft if he "feloniously steal[s], take[s], carr[ies], lead[s], or drive[s] away the personal property of another." Former *Cal. Penal Code* § 484(a) (1980). Under former RCW 9A.56.040, a person was guilty of theft if he "commits theft of: (a) [p]roperty or services which exceed(s) two hundred and fifty dollars in value, but does not exceed one thousand five hundred dollars in value." In Washington, theft means "to wrongfully

11

obtain or exert unauthorized control over the property or services of another or the value thereof, with intent to deprive him of such property or services." Former RCW 9A.56.020(a) (1975).

While California law provided that a person committed theft by feloniously taking, Washington's "wrongfully obtain" was the substantial equivalent. In addition, California courts have held that theft "requires a specific intent permanently to deprive the rightful owner of his property." *California v. Kunkin*, 9 Cal. 3d 245, 251, 507 P.2d 1392, 107 Cal. Rptr. 184 (1973).. Accordingly, California's definition of theft was essentially identical to Washington's definition of theft. In addition, because California required the stolen property to be worth at least $400, an amount that is higher than the former $250 Washington requirement, a person would have necessarily violated the Washington statute by violating the California statute. Accordingly, California's grand theft statute, former *Cal. Penal Code* § 487(a), was legally comparable to Washington's second degree theft statute, former RCW 9A.56.040. The trial court did not err by including Tauscher's California conviction in his offender score.

LEGAL FINANCIAL OBLIGATIONS

Tauscher argues, and the State concedes, that the trial court erred by concluding that Tauscher had the present and future ability to pay his legal financial obligations because there were no formal findings to support its conclusion. But we reject the State's concession as improvident. *See State v. Ziegenfuss*, 118 Wn. App. 110, 112, 74 P.3d 1205 (2003) ("Because [the defendant] has not yet failed to pay her legal financial obligations . . . her argument is not yet ripe for review."), *review denied*, 151 Wn.2d 1016 (2004); *State v. Baldwin*, 63 Wn. App. 303, 310, 818 P.2d 1116, 837 P.2d 646 (1991) ("[T]he meaningful time to examine the defendant's ability to pay is when the government seeks to collect the obligation."); *see also State v. Blazina*, No. 42728-1-II, 2013 WL 2217206, at *2-3 (Wash. Ct. App. May 21, 2013)

12

No. 42423-1-II

(Challenge to the trial court's finding that the defendant has the ability to pay legal financial obligations is waived under RAP 2.5(a).). We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

QUINN-BRINTNALL, P.J.

We concur:

PENOYAR, J.

VAN DEREN, J.P.T.

13