IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| In the Matter of the Personal Restraint of: | ) | No. 38575-2-III |
| | ) | |
| JACK DOUGLAS BUTLER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |

PENNELL, J. — Jack Butler filed a personal restraint petition, challenging the revocation of his prison-based drug offender sentencing alternative (DOSA) placement. While Mr. Butler raises some sympathetic factual claims, his arguments lack legal merit. We therefore deny the petition.

BACKGROUND

Mr. Butler was convicted of two felonies in 2021 and sentenced to 55.5 months' imprisonment. Mr. Butler's judgment and sentence authorized him to serve his sentence through a prison-based DOSA program, which amounted to 27.75 months of confinement, followed by 27.75 months of community custody.

Mr. Butler entered the custody of the Department of Corrections (DOC) in February 2021 and began substance abuse treatment in early June. In August, Mr. Butler submitted a urine sample that tested positive for methamphetamine. Mr. Butler admitted to drug use and gave a statement:

> I have never used meth except for the day they tested me. I have never used meth before in all of my incarcerations. I was dealing with a lot of stressers [sic] from the street and so I used. I am disappointed that I broke weak. . . . I am working with my treatment counselor to get back on track and adjust me [sic] treatment to address this. I know that I have to take all of the drug use off of the board and fixing [sic] my thinking. . . .

Response of DOC to Pers. Restraint Pet., Ex. 1, Attach. F at 1.

Mr. Butler received an infraction for the positive urinalysis and was sanctioned with 15 days' cell confinement and the loss of 20 days of good-time credit.

The infraction prompted DOC treatment professionals to review Mr. Butler's status. Mr. Butler's clinical team found he had violated treatment expectations and failed to progress in treatment. The substance abuse recovery unit (SARU) at DOC headquarters reviewed Mr. Butler's program and decided to terminate his treatment. Mr. Butler appealed the SARU decision, but it was affirmed by a review panel in September 2021.

After he was removed from treatment, DOC clinical staff filed an infraction report recommending revocation of Mr. Butler's DOSA. Mr. Butler pleaded not guilty to the infraction and requested a hearing and appointment of counsel.

Mr. Butler's DOSA revocation hearing was held on October 12, 2021. At the outset of the hearing, the hearing officer explained Mr. Butler was accused of noncompliance with the DOSA program and that she lacked discretion over a choice of sanction if the DOC proved the basis for termination from treatment. If the DOC was able to prove Mr. Butler's treatment had been appropriately terminated, his DOSA would need to be revoked. Given the nature of the hearing and Mr. Butler's apparent understanding of the proceedings, the hearing officer denied Mr. Butler's request for counsel.

During the hearing, Mr. Butler spoke on his own behalf. He acknowledged his violation but asked for a second chance. Mr. Butler expressed his long-standing desire to achieve sobriety, his honesty about relapse, and his understanding that relapse is sometimes part of the recovery process.

Heidi Moran, the DOC's DOSA compliance manager, also testified. Ms. Moran related that her team found the administrative termination of Mr. Butler's treatment to be valid based on Mr. Butler's lengthy history with substance abuse treatment and admission to using methamphetamine. During her testimony, Ms. Moran acknowledged that not every DOSA recipient who fails a drug test is terminated from treatment. She explained

"every person is evaluated depending upon their own circumstances." DOC Response

to Pers. Restraint Pet., Ex. 3 at 34.

The hearing officer repeatedly expressed surprise and dismay that the DOC clinical

staff had terminated Mr. Butler's treatment after a single relapse. The hearing officer

noted the revocation would increase Mr. Butler's time in prison by 953 days, a penalty

the officer felt was disproportionate to the offense. The hearing officer also expressed

concern Mr. Butler "was not given a second chance when many other people are."

*Id*. at 39.

Despite her misgivings, the hearing officer revoked Mr. Butler's DOSA.

The hearing officer explained, given Mr. Butler's admission that he had used

methamphetamine, she had no choice:

> I have to revoke your DOSA and I'm really not happy about that right
> now. I'm like really upset, honestly. . . . [Y]ou admitted guilt[ ], you
> owned up to it. They terminated you, I have zero choice in that matter.
> I disagree but I don't have a choice in it. That's . . . not my place. . . .
> [O]nce you are terminated, if you are found guilty of the behavior that
> caused the termination . . . I have zero option but to revoke your DOSA.
> So unfortunately that is what has to happen today . . . .
> . . . .
> [T]he behavior did happen, per your own statements . . . . [U]nfortunately
> that is my decision today, and I say unfortunately, cause [sic] clearly you
> can tell I disagree with having to do this.

*Id*. at 42, 51-52.

Mr. Butler filed an administrative appeal, citing his belief that he should have been given a second chance based on Ms. Moran's comments that not every positive urinalysis leads to revocation. A DOC appeals panel affirmed the hearing officer's decision. The panel noted Mr. Butler admitted to the behavior that led to the administrative termination of his treatment and the hearing officer had no discretion to order a lesser sanction in such circumstances.

Mr. Butler petitioned this court for relief from his DOSA revocation in November 2021. After this court requested a response from the DOC to the petition, Mr. Butler moved for an extension of time to file a corrected personal restraint petition to more adequately address the grounds for relief. That unopposed request was granted, and Mr. Butler filed a corrected personal restraint petition in March 2022. After reviewing the corrected petition and the DOC's response, this court determined that Mr. Butler's petition was not frivolous, appointed counsel, and referred his petition to a panel of judges.

ANALYSIS

This court may grant relief from prison discipline if such discipline constitutes an unlawful restraint. *See* RAP 16.4(a); *In re Pers. Restraint of Wilson*, 17 Wn. App. 2d 72, 82, 484 P.3d 1 (2021). Where, as here, the petitioner has had no previous opportunity

for judicial review, the threshold requirements we ordinarily apply to personal restraint petitions are inapplicable and "he need only satisfy the express requirements of RAP 16.4." *In re Pers. Restraint of Garcia*, 106 Wn. App. 625, 629, 24 P.3d 1091 (2001). Because the hearing officer's decision lengthened Mr. Butler's confinement, he is necessarily under "restraint." *See* RAP 16.4(b). As relevant to this petition, a restraint is "unlawful," and the petitioner entitled to relief, if the "conditions or manner of the restraint . . . are in violation of the Constitution of the United States or the Constitution or laws of the State of Washington." RAP 16.4(c)(6). A prison disciplinary hearing will be reversed only "upon a showing that it was so arbitrary and capricious as to deny the petitioner a fundamentally fair proceeding." *Wilson*, 17 Wn. App. 2d at 82.

*Mr. Butler's revocation did not violate Washington law*

RCW 9.94A.662(4) addresses the DOC's authority to remove an individual from a prison-based DOSA:

> If the [DOC] finds that conditions of community custody have been willfully violated, the offender may be reclassified to serve the remaining balance of the original sentence. An offender who fails to complete the program or who is administratively terminated from the program shall be reclassified to serve the unexpired term of [their] sentence as ordered by the sentencing court.

The second sentence of this provision plainly states the DOC "shall" remove an individual from the DOSA program if the individual is administratively terminated from

treatment. In other words, removal is mandatory. *See In re Marriage of Kim*, 179 Wn. App. 232, 250-51, 317 P.3d 555 (2014) ("[T]he word 'shall' . . . indicates a mandatory action."). While the first sentence provides discretion over revocation in other circumstances, no discretion is available once the individual has been terminated from the treatment program.[1] *See In re Pers. Restraint of Bufalini*, 4 Wn. App. 2d 392, 407, 423 P.3d 262 (2018) (recognizing that by statute, a DOSA revocation is sometimes "allowed" and sometimes "required"). This makes good sense. The entire purpose of a DOSA is to provide treatment. *In re Pers. Restraint of Schley*, 191 Wn.2d 278, 290, 421 P.3d 951 (2018) (plurality opinion). "[T]here should not be a situation where a DOSA recipient is terminated from treatment but is still serving a DOSA." *Id*. at 291.

When the DOC seeks to revoke a DOSA on the basis of administrative termination of treatment it must prove two things by a preponderance of the evidence: (1) that the

---

[1] Contrary to Mr. Butler's contention, WAC 137-24-030(5) does not alter the DOC's statutory obligation to remove an individual from a prison-based DOSA based on termination from treatment. That regulation sets out permissible hearing procedures when a DOC 557 infraction is chargeable; it does not alter the sanctions flowing from any infraction. In any event, there is no evidence that a 557 infraction, which penalizes inmates for "[r]efusing to participate" in programming, is applicable to Mr. Butler's case. WAC 137-25-030. Even if Mr. Butler's interpretation of WAC 137-24-030(5) were correct, it would be entitled to no deference, because while administrative regulations may fill statutory gaps, they may not alter or contradict statutory obligations. *See Quinault Indian Nation v. Imperium Terminal Servs., LLC*, 187 Wn.2d 460, 474, 387 P.3d 670 (2017).

individual was in fact administratively terminated from treatment and (2) the facts that

served as a basis for the termination decision. *Id*.

Here, the DOC easily met its burden of proof. It established Mr. Butler was

removed from treatment pursuant to the SARU decision. In addition, the DOC established

it had a factual basis for removal given Mr. Butler's positive drug test and his admission

to using methamphetamine.

Mr. Butler points out that the SARU does not always remove individuals from

treatment based on a positive urinalysis test.[2] This is consistent with written DOC policy,

which states an individual with a DOSA sentence "*may* be administratively terminated for

. . . drug-related behavior." DOC Policy 580.655 (emphasis added). DOC Response to

Pers. Restraint Pet., Ex. 2, Attach. C at 5.

Mr. Butler's reference to the DOC's discretionary authority over whether to

terminate treatment does not provide him a basis for relief. The fact that the DOC has

discretion over drug-related termination decisions means it is not required to exercise its

discretion one way or another. While the DOC could have exercised its discretion in favor

---

[2] Mr. Butler also seems to imply the DOC always gives first-time violators a second chance and that this unstated custom was violated in his case. To the extent Mr. Butler makes this claim, it lacks factual support. At best, the evidence shows only that the DOC sometimes gives individuals a second chance, not that this is always or even usually the case.

of Mr. Butler, it chose not to do so. That was the DOC's call to make. Once the DOC decided to administratively terminate treatment, removal from the DOSA became mandatory, so long as the DOC was able to prove the basis for removal by a preponderance of the evidence at Mr. Butler's hearing.

*Revocation did not violate Mr. Butler's constitutional rights*

Mr. Butler appears to raise three constitutional challenges to the DOC's revocation decision. First, he argues the revocation deprived him of equal protection. Second, Mr. Butler contends he was denied minimum due process. Finally, Mr. Butler claims he was unconstitutionally deprived of the right to counsel at his hearing. All three claims fail.

Mr. Butler appears to claim the DOC's inconsistent approach to terminating individuals with drug-related behavior violated his rights to equal protection and due process. Because Mr. Butler has not alleged he belongs to a suspect class or that the DOSA revocation threatens a fundamental right, Mr. Butler's equal protection challenge must be evaluated under the deferential rational basis test. *State v. Manussier*, 129 Wn.2d 652, 673, 921 P.2d 473 (1996). This test requires only that state action be rationally related to a legitimate state goal. *Id*.

The DOC's termination decision passes the deferential rational basis test. The goal of a DOSA is to decrease recidivism through a treatment-oriented sentencing alternative. *Schley*, 191 Wn.2d at 290. In furtherance of this goal, it is not irrational for the State to allow treatment professionals discretion over whether to terminate an individual from treatment based on drug-related behavior. Nor was it irrational in Mr. Butler's case for the DOC to decide to terminate treatment based on Mr. Butler's positive urinalysis test and his history of noncompliance. Mr. Butler has not demonstrated a violation of his equal protection rights.

Nor has Mr. Butler demonstrated a due process violation. Once incarcerated, an individual's due process rights are more limited than those enjoyed by presumptively innocent defendants. *In re Pers. Restraint of Gronquist*, 138 Wn.2d 388, 397, 978 P.2d 1083 (1999). Mr. Butler does not aver that his DOSA revocation suffered from any procedural defects making the revocation fundamentally unfair. *See id.* at 396-97; *State v. Ziegenfuss*, 118 Wn. App. 110, 113-14, 74 P.3d 1205 (2003). Thus, his due process argument fails.

Finally, Mr. Butler argues he was unconstitutionally deprived of the right to counsel. This claim fails. There is no right under the Sixth Amendment to the United States Constitution to counsel at a revocation hearing. *Grisby v. Herzog*, 190 Wn. App.

786, 806, 362 P.3d 763 (2015). A right to counsel at such a hearing may exist under due process principles, but the right turns on the individual circumstances of each case. *Id*. at 797, 806, 813-14. Here, Mr. Butler appeared to understand the nature of the proceedings, he did not make a claim that he was actually innocent of the infraction, and the issues before the hearing officer were not complex. There were adequate bases for denying appointment of counsel. *See In re Pers. Restraint of Price*, 157 Wn. App. 889, 905-06, 240 P.3d 188 (2010).

## CONCLUSION

Mr. Butler has not demonstrated that his DOSA revocation was unlawful. The petition for relief from personal restraint is therefore denied.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____       _____
Fearing, J.                                                      Staab, J.

11