[Nos. 58752-3, 58753-1, 58754-0. En Banc. May 14, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. TONY ANTHONY CURRY, *Petitioner.*

THE STATE OF WASHINGTON, *Respondent,* v. ERIC STEWART HALLER, *Petitioner.*

THE STATE OF WASHINGTON, *Respondent,* v. VIRGIL JAY EASTER, *Petitioner.*

912

*Lorraine Lee* and *Elaine L. Winters* of *Washington Appellate Defender Association,* for petitioners.

*Norm Maleng, Prosecuting Attorney, Theresa Fricke* and *Timothy Blood, Senior Deputy Prosecuting Attorneys,* and *Pamela Mohr* and *Greg Jackson, Deputies,* for respondent.

*Jeff Ellis* on behalf of Washington Defender Association, amicus curiae for petitioners.

DURHAM, J. — Tony Curry was convicted of one count of second degree burglary. The trial court sentenced Curry to 6 months in jail and ordered him to pay $168 in court costs and a $70 victim assessment fee. Recoupment of appointed counsel's fees was waived.

Eric Haller was convicted of one count of possession of cocaine. The trial court imposed a standard range sentence of 57 months and ordered Haller to pay $271.34 in court costs, $417 as recoupment of appointed counsel's fees, and a $100 victim assessment fee.

Virgil Easter was convicted of three counts of first degree robbery, and sentenced to 138 months. In addition, the court ordered him to pay a $100 victim assessment fee. The court waived recoupment of appointed counsel's fees.

On appeal, in each case, defendants challenge only the monetary portions of their sentences. The Court of Appeals set each case for accelerated disposition under RAP 18.12.[1] In *State v. Curry*, 62 Wn. App. 676, 814 P.2d 1252 (1991), the Court of Appeals affirmed Curry's sentence. The sentences of Haller and Easter were affirmed in part 6 days later in unpublished per curiam opinions based on *Curry*. This court granted discretionary review pursuant to RAP 18.15(g) only on the limited issues discussed below, and we now affirm.

I

COURT COSTS

Defendants were ordered to pay costs under former RCW 10.01.160. Under that statute, a defendant may be ordered to pay for expenses incurred in prosecuting the defendant, but may not be required to pay costs associated with providing a constitutionally guaranteed jury trial. The statute specifically provides that:

> The court shall not sentence a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose.

RCW 10.01.160(3). Moreover, if a court determines at some time after the sentence has been imposed that the costs will impose a manifest hardship on the defendant or his or her family, the court may then modify or alter the monetary portion of the sentence. RCW 10.01.160(4).

Prior to the current cases, the Court of Appeals has interpreted this statute in two cases to mean that the trial court must enter into the record specific, formal findings regard-

---

[1] After the time had passed for filing a pro se supplemental brief, Haller moved for an extension of time to file, which was denied. In its order granting discretionary review, this court declined to address Haller's motion, or the claims contained in his supplemental brief.

In addition, in Haller the Court of Appeals affirmed the sentence in regard to the victim penalty assessment, but remanded the court costs and recoupment. *State v. Haller*, 62 Wn. App. 1018 (1991) slip op. at 6 (unpublished opinion). The State did not appeal that portion of the opinion.

ing the defendant's ability to pay costs. In *State v. Earls*, 51 Wn. App. 192, 197, 752 P.2d 402 (1988), a panel of Division Three stated:

> We hold that without specific findings, that part of the judgment and sentence assessing costs and attorney fees cannot stand.

The court reasoned that this result was required by the statute and prior case law of the United States Supreme Court and this court. *Earls*, at 196; *see also State v. Hayes*, 56 Wn. App. 451, 783 P.2d 1130 (1989).

■ Defendants rely on *Earls* and *Hayes* to argue that the trial court erred when it did not enter specific findings as to ability to pay.[2] We do not, however, find the reasoning in *Earls* to be persuasive. In *Fuller v. Oregon*, 417 U.S. 40, 40 L. Ed. 2d 642, 94 S. Ct. 2116 (1974), the Court upheld the Oregon statute upon which our statute is based. The Court implicitly held that several features of the Oregon statute were constitutionally required. This court applied *Fuller* in *State v. Barklind*, 87 Wn.2d 814, 557 P.2d 314 (1976). There, we delineated the salient features of a constitutionally permissible costs and fees structure. The following requirements must be met:

1. Repayment must not be mandatory;
2. Repayment may be imposed only on convicted defendants;
3. Repayment may only be ordered if the defendant· is or will be able to pay;
4. The financial resources of the defendant must be taken into account;
5. A repayment obligation may not be imposed if it appears there is no likelihood the defendant's indigency will end;
6. The convicted person must be permitted to petition the court for remission of the payment of costs or any unpaid portion;

---

[2]Defendants Curry and Easter argue additionally that the orders of indigency entered for purposes of appeal are sufficient to show that they cannot, in fact, pay the financial obligations imposed. We disagree. The costs involved here are on a different scale than the costs involved in obtaining counsel and mounting an appeal. Moreover, in both cases, recoupment of attorney fees *was* waived. It is certainly within the trial court's purview to find that the defendants could not presently afford counsel but would be able to pay the minimal court costs at some future date.

7. The convicted person cannot be held in contempt for failure to repay if the default was not attributable to an intentional refusal to obey the court order or a failure to make a good faith effort to make repayment.

*State v. Eisenman*, 62 Wn. App. 640, 644 n.10, 810 P.2d 55, 817 P.2d 867 (1991) (citing *Barklind*). In *Barklind*, the court noted that these requirements were met, and that the Washington statute was, therefore, constitutional. 87 Wn.2d at 818. The court stated:

We fail to perceive the constitutional deficiency in the system which allows the trial court discretion to grant probation and in effect, as a condition, tell the defendant that he should recognize some obligation to society for the crime which he voluntarily committed.

*Barklind*, at 816.

██ ██ Here, the Court of Appeals in *Curry* was correct when it held that the statute does not impose the additional requirement of formal findings on the record. 62 Wn. App. at 680. The court recognized that there were contrary decisions, but nevertheless was "persuaded that the constitution does not require the judge to provide such added protection." *Curry*, at 680; *see also Eisenman* (rejecting *Earls* and *Hayes*). Thus, the court held that "the failure to enter findings is not a constitutional error which requires resentencing". *Curry*, at 680-81.

Neither the statute nor the constitution requires a trial court to enter formal, specific findings regarding a defendant's ability to pay court costs. According to the statute, the imposition of fines is within the trial court's discretion. Ample protection is provided from an abuse of that discretion. The court is directed to consider ability to pay, and a mechanism is provided for a defendant who is ultimately unable to pay to have his or her sentence modified. Imposing an additional requirement on the sentencing procedure would unnecessarily fetter the exercise of that discretion, and would further burden an already overworked court system.

## II
### VICTIM PENALTY ASSESSMENT

Defendants also contest the imposition of the mandatory victim penalty assessment. RCW 7.68.035(1) provides in part:

> Whenever any person is found guilty in any superior court of having committed a crime . . . there shall be imposed by the court upon such convicted person a penalty assessment.

The penalty is mandatory. *State v. Q.D.*, 102 Wn.2d 19, 29, 685 P.2d 557 (1984). In contrast to RCW 10.01.160, no provision is made in the statute to waive the penalty for indigent defendants.

 The statute is not unconstitutional on its face. The Court of Appeals here correctly relied on a Second Circuit decision, stating:

> [c]onstitutional principles will be implicated . . . only if the government seeks to enforce collection of the assessments "at a time when [the defendant is] unable, through no fault of his own, to comply.'" . . .
>
> . . . It is at the point of enforced collection . . ., where an indigent may be faced with the alternatives of payment or imprisonment, that he "may assert a constitutional objection on the ground of his indigency."

*Curry*, 62 Wn. App. at 681-82 (quoting *United States v. Pagan*, 785 F.2d 378, 381-82 (2d Cir.), *cert. denied*, 479 U.S. 1017 (1986)). Several courts have followed *Pagan*, and defendants make no argument that this court should not do the same. *See United States v. Cooper*, 870 F.2d 586 (11th Cir. 1989); *United States v. Nguyen*, 916 F.2d 1016, 1020 (5th Cir. 1990); *United States v. Rising*, 867 F.2d 1255, 1260 (10th Cir. 1989); *United States v. Rivera-Velez*, 839 F.2d 8 (1st Cir. 1988).

However, defendants argue that the statute could operate to imprison them unconstitutionally in the future if they are unable to pay the penalty.[3] The United States Supreme

---

[3]We note that any argument that imprisonment for an unpaid fine is unconstitutional is premature. No defendant presently before the court claims to be incarcerated for failure to pay. The imposition of the penalty assessment, standing alone, is not enough to raise constitutional concerns. The Supreme Court

Court has previously held that it is fundamentally unfair to imprison indigent defendants solely because of their inability to pay court-ordered fines. *Bearden v. Georgia*, 461 U.S. 660, 667-68, 76 L. Ed. 2d 221, 103 S. Ct. 2064 (1983); *Williams v. Illinois*, 399 U.S. 235, 26 L. Ed. 2d 586, 90 S. Ct. 2018 (1970). Moreover, Const. art. 1, § 17, prohibiting imprisonment for debt, would likely preclude imprisonment solely for inability to pay.

We agree with the Court of Appeals that there are sufficient safeguards in the current sentencing scheme to prevent imprisonment of indigent defendants. *Curry*, at 682. Under RCW 9.94A.200, a sentencing court shall require a defendant the opportunity to show cause why he or she should not be incarcerated for a violation of his or her sentence, and the court is empowered to treat a nonwillful violation more leniently. Moreover, contempt proceedings for violations of a sentence are defined as those which are *intentional*. RCW 7.21.010(1)(b). Thus, no defendant will be incarcerated for his or her inability to pay the penalty assessment unless the violation is willful.

In sum, we hold that the victim penalty assessment is neither unconstitutional on its face nor as applied to indigent defendants. The Court of Appeals is affirmed in all respects.

UTTER, BRACHTENBACH, DOLLIVER, ANDERSEN, SMITH, GUY, and JOHNSON, JJ., concur.

---

has repeatedly said that "nothing . . . precludes a judge from imposing on an indigent, as on any defendant, the maximum penalty prescribed by law", *Williams v. Illinois*, 399 U.S. 235, 243, 26 L. Ed. 2d 586, 90 S. Ct. 2018 (1970); and that a "defendant's poverty in no way immunizes him from punishment." *Bearden v. Georgia*, 461 U.S. 660, 669, 76 L. Ed. 2d 221, 103 S. Ct. 2064 (1983); *see also State v. Barklind*, 87 Wn.2d 814, 820, 557 P.2d 314 (1976).