

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68645-3-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE JUAN LEMASSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: June 17, 2013 |
| | ) | |

VERELLEN, J. — Jose LeMasson appeals the judgment and sentence entered upon his conviction by a jury of possession of heroin with intent to deliver. LeMasson argues that the trial court erred in finding that he has the current or likely future ability to pay the legal financial obligations imposed. We affirm.

At sentencing, in addition to $600 in mandatory financial obligations, the State requested that the court impose court costs and costs of incarceration under RCW 10.01.160 and a $1,000 fine for violation of the Uniform Controlled Substances Act, RCW 69.50.430.[1] The prosecutor suggested that the court take note of the fact that LeMasson was represented by privately-retained counsel in this case and in a related case, and infer that while he might not have extensive financial resources, he

---

[1] The mandatory financial obligations consist of the $500 victim penalty assessment and the $100 DNA collection fee. RCW 7.68.035(1)(a); RCW 43.43.7541.

was not indigent. LeMasson, on the other hand, asked the court to waive all financial

penalties on the basis of indigency. Defense counsel pointed out that LeMasson was

initially represented by appointed counsel and that counsel's services were retained

by LeMasson's family. The trial court imposed some, but not all, of the financial

penalties sought by the State. The court imposed the $600 in mandatory financial

obligations, $465 in court costs and waived all other discretionary penalties.

LeMasson's judgment and sentence includes the following preprinted finding:

> Having considered the defendant's present and likely future financial resources, the Court concludes that the defendant has the present or likely future ability to pay the financial obligations imposed. The Court waives financial obligation(s) that are checked below because the defendant lacks the present and future ability to pay them.[2]

LeMasson claims that no evidence in the record supports the sentencing

court's boilerplate finding. Therefore, he argues that the finding is clearly erroneous

and must be stricken from the judgment and sentence.

Mandatory legal financial obligations must be imposed regardless of financial

circumstances, so the finding about ability to pay is immaterial with respect to the

mandatory penalties imposed.[3] LeMasson does not challenge the mandatory legal

financial obligations imposed.

---

[2] Clerk's Papers at 50.

[3] See, e.g., State v. Thompson, 153 Wn. App. 325, 336-39, 223 P.3d 1165 (2009) (DNA fee is mandatory and imposed regardless of hardship); State v. Williams, 65 Wn. App. 456, 460-61, 828 P.2d 1158 (1992) (victim penalty assessment "is mandatory and requires no consideration of a defendant's ability to pay" at sentencing).

The sentencing court has discretion to impose court costs under RCW 10.01.160, but in order to do so, must consider the present and likely future financial resources of the defendant and the burden that the imposition of costs will impose.[4] RCW 10.01.160 does not require the court to enter findings regarding a defendant's ability to pay before imposing financial obligations.[5]

Here, the sentencing court imposed legal financial obligations, including the nonmandatory legal financial obligations, after hearing the positions of both the State and the defense on LeMasson's indigence. The court's rejection of certain discretionary costs sought by the State reflects its consideration of LeMasson's financial resources and the burden of the legal financial obligations. The record is sufficient to conclude that the court complied with the requirements of the statute by considering LeMasson's financial resources before imposing the legal financial obligations.[6]

---

[4] RCW 10.01.160(3) ("The court shall not order a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose."); State v. Baldwin, 63 Wn. App. 303, 308-12, 818 P.2d 1116 (1991), 837 P.2d 646 (1992); State v. Calvin, No. 67627-0-I, 2013 WL 2325121 at *11 (Wash. Ct. App. May 28, 2013).

[5] See State v. Curry, 118 Wn.2d 911, 916, 829 P.2d 166 (1992); Calvin, WL 2325121 at 11.

[6] See Baldwin, 63 Wn. App. at 311 (inquiry into ability to pay satisfied by statement in presentence report that defendant was employable); Calvin, WL 2325121 at 11.

We affirm LeMasson's sentence, including the imposition of $465 in discretionary legal financial obligations.[7]

WE CONCUR:

---

[7] A formal finding about LeMasson's ability to pay is not required. See State v. Bertrand, 165 Wn. App. 393, 404, 267 P.3d 511 (2011), review denied, 175 Wn.2d 1014, 276 P.3d 10 (2012). Nevertheless, the finding is supported by the record as a whole, including the statements of both counsel at sentencing as well as the testimony at trial that LeMasson is in his 30s, able-bodied, and was carrying a substantial sum of money at the time of the crime.