IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31046-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH MARTIAL WONCH, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, C.J. — Joseph Wonch pleaded guilty and received an exceptional sentence. Since the parties stipulated to the exceptional sentence, the trial court did not err by imposing it. His challenge to a finding related to his ability to pay his legal financial obligation is not manifest error that can be raised for the first time on appeal.

FACTS

This Wonch's case arose after a Ferry County deputy sheriff stopped Joseph M. Wonch in early May 2011 on suspicion of driving under the influence. The traffic stop

led to the deputy finding methamphetamine, oxycodone, and multiple firearms in the possession of Mr. Wonch, a convicted felon.

The State charged Mr. Wonch with several crimes, but reached an agreement with him to plead guilty to two counts of unlawful possession of a controlled substance and one count of second degree unlawful possession of a firearm and stipulate to an exceptional sentence.

The sentencing court accepted the recommended exceptional sentence. The court stated that it had considered Mr. Wonch's age and physical health and his likely present or future ability to pay legal financial obligations (LFOs). The court then imposed $2,300 in LFOs with repayment to commence immediately. Following entry of the judgment and sentence and denial of a pro se motion to modify the sentence, Mr. Wonch timely appealed to this court.

## ANALYSIS

Mr. Wonch raises three issues for review. He first argues that the sentencing court had insufficient facts to support an implicit finding that he has the likely current or future ability to pay LFOs. Second, he argues that the exceptional sentence must be vacated because the court entered insufficient findings to support imposition of an exceptional sentence. Third, he argues that the judgment and sentence contains a scrivener's error that requires correction. We address each of these issues in turn.

We decline to address Mr. Wonch's challenge to the LFOs for two reasons. First, the court made no express finding that he had the current ability to pay the LFOs. No such finding is required. *State v. Curry*, 118 Wn.2d 911, 916, 829 P.2d 166 (1992). Second, the motion is not yet ripe for review. "[T]he meaningful time to examine the defendant's ability to pay is when the government seeks to collect the obligation." *State v. Baldwin*, 63 Wn. App. 303, 310, 818 P.2d 1116, 837 P.2d 646 (1991). Although the court ordered repayment to begin immediately, the State has not yet sought to collect on that order. Accordingly, the issue is not yet ripe for review.

With regard to the exceptional sentence, the judgment and sentence appears to contain some error, but nothing that would require resentencing. To impose the exceptional sentence, the court relied on RCW 9.94A.535(2)(a):

> The defendant and the state both stipulate that justice is best served by the imposition of an exceptional sentence outside the standard range, *and* the court finds the exceptional sentence to be consistent with and in furtherance of the interests of justice and the purposes of the sentencing reform act.

RCW 9.94A.535(2)(a) (emphasis added). The findings of fact used to support imposition of the exceptional sentence parroted the language of this statute. However, the court treated the first part of section 535(2)(a) (defendant and state both stipulate) and the second part (finding the exceptional sentence to be in furtherance of the interests of justice) as independent bases for imposing an exceptional sentence. Treating the two parts of section 535(2)(a) as independent bases for imposing an exceptional sentence was

3

improper because the section only authorizes imposition of an exceptional sentence when both findings are present.

However, this error does not require resentencing because it is clear that the lower court would have imposed the same sentence regardless of the number of independent bases that the court had for imposing the exceptional sentence. *See State v. Jackson*, 150 Wn.2d 251, 276, 76 P.3d 217 (2003). We are satisfied that the sentence would not change because the court explicitly stated that it would have imposed the same sentence if it had only one basis for imposing an exceptional sentence, instead of two. Clerk's Papers (CP) at 152 ("This court would impose the same sentence if only one of the grounds listed in the preceding paragraph is valid.").

Finally, the findings of fact used to support the exceptional sentence contains a scrivener's error that requires correction. Finding I (a) erroneously states that Mr. Wonch and the State stipulated to "sentencing Count I and Count II at Seriousness Level III, rather than Seriousness Level II." CP at 152. Mr. Wonch and the State both agree that the finding of fact should state that they stipulated to sentencing count I and count II at seriousness level III, rather than seriousness level I. Accordingly, we remand for the limited purpose of correcting this error.

No. 31046-9-III
*State v. Wonch*

Affirmed in part and remanded for correction.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____
Brown, J.

_____
Kulik, J.

5