FILED
OCT 29, 2015
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32965-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NICHOLAS A. CRUTHERS, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |

BROWN, J. — Nicholas Cruthers appeals his unlawful possession of a controlled substance conviction. He contends his right to a public trial was violated when the trial court, at the conclusion of voir dire questioning, allowed counsel to exercise for cause challenges orally at the bench and subsequently exercise peremptory challenges silently by exchanging a list of jurors and alternatively striking names from it. This precise issue was rejected after briefing here, by our Supreme Court in *State v. Love*, ___ Wn.2d ___, 354 P.3d 841, 845 (2015). Therefore, we do not address it further. Mr. Cruthers' remaining contention is whether the court erred by imposing legal financial obligations (LFOs). Finding no error, we affirm.

FACTS

A jury found Mr. Cruthers guilty of unlawful possession of a controlled substance (morphine, hydromorphone, hydrocodone). At the sentencing hearing, the trial court

asked Mr. Cruthers about his work history, noting he was employed while participating in the drug court program. Mr. Cruthers responded he had been working for the same employer he was working for while in the drug court program. The court then found Mr. Cruthers had the ability to pay legal financial obligations (LFOs) and imposed $2,871.20 in fees. Mr. Cruthers did not object. He now appeals.

## ANALYSIS

For the first time on appeal, Mr. Cruthers contends the sentencing court erred in imposing LFOs without first inquiring into his ability to pay. "A defendant who makes no objection to the imposition of discretionary LFOs at sentencing is not automatically entitled to review." *State v. Blazina*, 182 Wn.2d 827, 832, 344 P.3d 680 (2015). RAP 2.5(a) provides that an "appellate court may refuse to review any claim of error which was not raised in the trial court." The rule then goes on to provide three exceptions that allow an appeal as a matter of right. RAP 2.5(a). Mr. Cruthers does not argue that one of the RAP 2.5(a) exceptions applies. We, therefore, exercise our discretion and decline review because no extraordinary facts are shown. *State v. Duncan*, 180 Wn. App. 245, 255, 327 P.3d 699 (2014).

Nevertheless, we note the court inquired into Mr. Cruthers' employment history and found that he was capable of working. The court then orally found Mr. Cruthers had the ability to pay LFOs. In *State v. Curry*, 118 Wn.2d 911, 916, 829 P.2d 166 (1992), our Supreme Court held formal findings of fact on ability to pay are not required for recoupment of costs under RCW 10.01.160. The court stated a sentencing court has

2

No. 32965-8-III
*State v. Cruthers*

discretion to impose repayment obligations, and a defendant is protected from abuse of that discretion by RCW 10.01.160's directive that ability to pay be considered and provision for modification of imposed LFOs if a defendant cannot pay. *Id.* Accordingly, even if Mr. Cruthers preserved this issue for review, the court inquired into Mr. Cruthers' ability to pay. We find no sentencing error.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.04.060.

WE CONCUR:

Brown, J.

Siddoway, C.J.

Lawrence-Berrey, J.

3