2016 AUG -1 AM 9: 12



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73052-5-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| KENNETH MAURICE SUTTON, JR., | ) | |
| Appellant. | ) | FILED: August 1, 2016 |

TRICKEY, A.C.J. — For the first time on appeal, Kenneth Sutton challenges the imposition of mandatory legal financial obligations. He claims that the mandatory deoxyribonucleic acid (DNA) fee under RCW 43.43.7541 and the mandatory victim penalty assessment (VPA) under RCW 7.68.035 violate substantive due process as applied to an indigent defendant. He also claims that the trial court erred in requiring him to pay these legal financial obligations, because it did not make an individualized inquiry into his current and future ability to pay.

We decline to review Sutton's substantive due process challenges to the DNA fee statute and to the VPA statute, because these claims are not yet ripe for review and are not manifest constitutional errors under RAP 2.5(a)(3). Additionally, we reject Sutton's claim that the trial court erred by failing to conduct an individualized inquiry into his ability to pay the DNA fee and the VPA, because these fees are mandatory legal financial obligations. We affirm.

## FACTS

In June 2012, Sutton fired a gun into a crowd of people outside a bar in Federal Way, killing one man and injuring four other people. Based on this incident, the State charged Sutton with one count of murder in the second degree, four counts of assault in the first degree, and one count of unlawful possession of a firearm in the second degree. All charges except the unlawful possession charge carried firearm enhancement allegations.

Sutton waived his right to a jury trial. Following a bench trial, the trial court found Sutton guilty as charged.

At sentencing, the trial court imposed a sentence of 837 months of confinement. Additionally, the trial court imposed legal financial obligations (LFOs) totaling $600. The trial court ordered Sutton to pay a mandatory VPA in the amount of $500 and a mandatory DNA collection fee in the amount of $100. The trial court also ordered Sutton to pay restitution in an amount to be determined. The trial court waived the imposition of all other discretionary fees and waived interest charges except with respect to restitution. Sutton did not object to the imposition of these fees. The court later ordered Sutton to pay restitution in the amount of $23,348.38.

Sutton appeals.

ANALYSIS

Sutton first claims that the mandatory DNA collection fee under RCW 43.43.7541[1] and the mandatory VPA under RCW 7.68.035[2] violate substantive due process as applied to indigent defendants.[3] We decline to review these claims, which Sutton raises for the first time on appeal.

In State v. Curry, our Supreme Court considered a constitutional challenge to the imposition of the mandatory VPA. 118 Wn.2d 911, 917, 829 P.2d 166 (1992). The court held that constitutional principles are implicated only when the

---

[1] RCW 43.43.7541 provides:

Every sentence imposed for a crime specified in RCW 43.43.754 must include a fee of one hundred dollars. The fee is a court-ordered legal financial obligation as defined in RCW 9.94A.030 and other applicable law. For a sentence imposed under chapter 9.94A RCW, the fee is payable by the offender after payment of all other legal financial obligations included in the sentence has been completed. For all other sentences, the fee is payable by the offender in the same manner as other assessments imposed. The clerk of the court shall transmit eighty percent of the fee collected to the state treasurer for deposit in the state DNA database account created under RCW 43.43.7532, and shall transmit twenty percent of the fee collected to the agency responsible for collection of a biological sample from the offender as required under RCW 43.43.754. This fee shall not be imposed on juvenile offenders if the state has previously collected the juvenile offender's DNA as a result of a prior conviction.

[2] RCW 7.68.035(1)(a) provides:

When any person is found guilty in any superior court of having committed a crime, except as provided in subsection (2) of this section, there shall be imposed by the court upon such convicted person a penalty assessment. The assessment shall be in addition to any other penalty or fine imposed by law and shall be five hundred dollars for each case or cause of action that includes one or more convictions of a felony or gross misdemeanor and two hundred fifty dollars for any case or cause of action that includes convictions of only one or more misdemeanors.

[3] The legislature amended both of these statutes in 2015. Because these amendments do not affect our analysis, we refer to the current version of these statutes throughout this opinion. LAWS OF 2015, ch. 265 § 8 (RCW 7.68.035); LAWS OF 2015, ch. 265 § 31 (RCW 43.43.7541).

State seeks to enforce collection of the mandatory assessment. 118 Wn.2d at 917. It noted that "[t]he imposition of the penalty assessment, standing alone, is not enough to raise constitutional concerns." 118 Wn.2d at 917 n.3.

Recently, in State v. Shelton, noted at 2016 WL 3461164, we considered the same as-applied substantive due process challenge to the DNA fee statue. We held that "because imposition of the mandatory DNA fee does not implicate constitutional principles until the State seeks to enforce collection of the DNA fee or impose a sanction for failure to pay, the as-applied substantive due process challenge to RCW 43.43.7541 is not ripe for review." 2016 WL 3461164, at *6. We also held that the as-applied substantive due process challenge to the mandatory DNA fee statute was not a manifest constitutional error subject to review under RAP 2.5(a)(3). 2016 WL 3461164, at *6-7.

These cases control our resolution of Sutton's claims. There is nothing in this record to reflect that the State has sought to enforce collection of the DNA fee or the VPA or to impose sanctions for failing to pay these fees. Accordingly, Sutton's claims are not ripe for review and are not manifest constitutional error under RAP 2.5(a)(3).

Sutton next claims that the trial court violated RCW 10.01.160(3)[4] by requiring him to pay the mandatory LFOs without first making an individualized inquiry into his current and future ability to pay.[5] We reject this claim.

---

[4] RCW 10.01.160(3) provides, "The court shall not order a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose."
[5] Br. of Appellant at 17-22.

In <u>Shelton</u>, we held that "unlike discretionary legal financial obligations, the legislature unequivocally requires imposition of the mandatory DNA fee and the mandatory [VPA] at sentencing without regard to finding the ability to pay." 2016 WL 3461164, at *6; <u>accord</u> <u>State v. Mathers</u>, noted at 2016 WL 2865576, at *2 ("Washington courts have consistently held that a trial court need not consider a defendant's past, present, or future ability to pay when it imposes either DNA or VPA fees."); <u>State v. Lundy</u>, 176 Wn. App. 96, 102, 308 P.3d 755 (2013) ("For victim restitution, victim assessments, DNA fees, and criminal filing fees, the legislature has directed expressly that a defendant's ability to pay should not be taken into account.").

We adhere to these cases. The DNA fee and the VPA are mandatory LFOs, not discretionary LFOs. Therefore, the trial court was not obligated to make an individualized inquiry into Sutton's ability to pay.

We affirm the judgment and sentence.

Trickey, ACJ

WE CONCUR:

_____         _____
Dwyer, J.                        Becker, J.