

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 74467-4-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| JASON ELI MARTIN, | ) | |
| | ) | |
| Appellant. | ) | FILED: March 13, 2017 |
| | ) | |

APPELWICK, J. — Martin challenges the mandatory LFOs imposed by the trial court. RCW 10.01.160(3) does not require an individualized inquiry into ability to pay mandatory LFOs. We affirm.

## FACTS

Jason Martin pleaded guilty to taking a motor vehicle without permission in the second degree and theft in the third degree. At sentencing, Martin argued that he did not have the ability to pay legal financial obligations (LFOs). The trial court imposed $800 in mandatory LFOs. These LFOs were: a $500 victim penalty assessment (VPA) fee, a $200 criminal filing fee, and a $100 deoxyribonucleic acid (DNA) collection fee.

DISCUSSION

Martin challenges the LFOs imposed below. He contends that the trial court should not have imposed any LFOs, because he is mentally ill and unable to pay.

RCW 10.01.160(1) authorizes courts to impose costs after a conviction. But, it provides that a court shall not impose costs unless the defendant is or will be able to pay them. RCW 10.01.160(3). In State v. Blazina, 182 Wn.2d 827, 837-38, 344 P.3d 680 (2015), the Washington Supreme Court held that the trial court must make an individualized inquiry into the defendant's ability to pay prior to imposing discretionary LFOs.

DNA, VPA, and criminal filing fees are authorized by statute. RCW 43.43.7541; RCW 7.68.035(1)(a); RCW 36.18.020(2)(h). The DNA collection statute states, "Every sentence imposed for a crime specified in RCW 43.43.754 must include a fee of one hundred dollars." RCW 43.43.7541. The VPA statute provides, "When any person is found guilty in any superior court of having committed a crime, except as provided in subsection (2) of this section, there shall be imposed by the court upon such convicted person a penalty assessment." RCW 7.68.035(1)(a). This assessment must be $500 for cases involving felonies or gross misdemeanors. Id. And, RCW 36.18.020(2)(h) provides that "an adult defendant in a criminal case shall be liable for a fee of two hundred dollars" after a conviction or plea of guilty.

Martin argues that Blazina should alter our reading of these statutes. He suggests that RCW 10.01.160(3) requires courts to consider ability to pay prior to

imposing any LFOs, and to refrain from imposing LFOs on indigent defendants. But, this court has previously recognized that the VPA, DNA, and filing fees are mandatory. See State v. Mathers, 193 Wn. App. 913, 918, 376 P.3d 1163 (2016); State v. Clark, 191 Wn. App. 369, 374, 362 P.3d 309 (2015). Blazina limited its holding to discretionary LFOs. 182 Wn.2d at 837-38. Thus, the particular LFOs that Martin challenges are not subject to RCW 10.01.160(3).

Martin asserts that GR 34(a) further supports his contention that no LFOs should be imposed when a defendant is indigent. GR 34(a) provides, "Any individual, on the basis of indigent status as defined herein, may seek a waiver of filing fees or surcharges the payment of which is a condition precedent to a litigant's ability to secure access to judicial relief from a judicial officer in the applicable trial court." In Mathers, we recognized that the purpose of GR 34(a) is different from that of the mandatory LFO statutes. 193 Wn. App. at 924. While GR 34(a) permits filing fees to be waived so as to promote access to the courts, it does not prohibit the enforcement of civil judgments against those whose filing fees were waived. Id. at 924. Thus, GR 34(a) does not shed light on the interpretation of mandatory LFOs. Id.

Martin also contends that constitutional concerns require courts to consider ability to pay prior to imposing any LFOs. He argues that precluding courts from waiving mandatory LFOs violates equal protection. Relying on GR 34(a), Martin asserts that it violates equal protection to allow mandatory fees to be waived for civil litigants, but not for criminal defendants. But, the Mathers court recognized

that civil litigants and criminal defendants are not similarly situated individuals receiving disparate treatment. See 193 Wn. App. at 926. Thus, GR 34(a) cannot support Martin's equal protection argument.

Martin also cites Fuller v. Oregon, 417 U.S. 40, 94 S. Ct. 2116, 40 L. Ed. 2d 642 (1974) as support for his equal protection argument. Fuller upheld the Oregon statute upon which RCW 10.01.160 was based. Mathers, 193 Wn. App. at 926; Fuller, 417 U.S. at 45. But, it specifically addressed non-mandatory costs. Fuller, 417 U.S. at 45. Accordingly, we have previously rejected a similar argument that imposing mandatory LFOs when a defendant is indigent violates equal protection under Fuller. Mathers, 193 Wn. App. at 926.

Lastly, Martin asserts that imposing mandatory LFOs on indigent defendants violates substantive due process. We have previously held that mandatory LFOs are constitutional so long as the sentencing scheme provides sufficient safeguards as to prevent imprisonment because of indigency. Mathers, 193 Wn. App. at 928; State v. Lundy, 176 Wn. App. 96, 102-03, 308 P.3d 755 (2013); State v. Curry, 118 Wn.2d 911, 917-18, 829 P.2d 166 (1992). And, we have noted that an as-applied substantive due process challenge to the DNA collection fee statute is not ripe for review until the State seeks to enforce collection of the fee or impose a sanction for failure to pay. State v. Shelton, 194 Wn. App. 660, 674, 378 P.3d 230 (2016), review denied, 187 Wn.2d 1002, 386 P.3d 1088 (2017).

4

Martin has not raised any new challenges to the mandatory DNA, VPA, and filing fees. Therefore, we conclude that the trial court did not err in imposing mandatory LFOs.

We affirm.

Appelwick, J.

WE CONCUR:

Trickey, A.C.J.

Leach, J.