# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

2017 SEP 18 AM 8: 47

FILED
COURT OF APPEALS DIV.1
STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                Respondent,<br><br>    v.<br><br>ABDULLAH HASSAN EKRIEM,<br><br>                Appellant. | No. 75361-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: September 18, 2017 |

LEACH, J. — For the first time on appeal, Abdullah Ekriem challenges the constitutionality of the mandatory victim penalty assessment (VPA) as applied to him. This challenge is not ripe for review, and the claimed error does not constitute manifest constitutional error under RAP 2.5(a). We affirm.

## Background

The State charged Ekriem with violation of the Uniform Controlled Substances Act[1] for possessing heroin.[2] Ekriem pleaded guilty to a reduced charge of solicitation to possess heroin.[3] At sentencing, the court imposed a mandatory $500 VPA but waived all discretionary fees.[4]

---

[1] Ch. 69.50 RCW.
[2] RCW 69.50.401(1), (2)(a).
[3] RCW 9A.28.030; RCW 69.50.4013.
[4] RCW 7.68.035.

Discussion

Ekriem claims for the first time on appeal that the imposition of the VPA under RCW 7.68.035 violates substantive due process as applied to him. We held in State v. Shelton[5] that this challenge is not ripe for review until the State attempts to collect the fee because the facts relevant to the claim are not fully developed. No evidence in the record indicates enforced collections, sanctions, or other negative consequences of Ekriem's criminal debt. We adhere to our decision in Shelton and conclude that Ekriem's substantive due process claim is not ripe. Further, as we held in Shelton, a claimed due process error cannot constitute manifest constitutional error subject to review under RAP 2.5(a)(3) until the State seeks to enforce collection or imposes a sanction for failure to pay.[6]

Even if Ekriem's argument was ripe for review and could be raised for the first time on appeal, it would fail under State v. Seward.[7] Ekriem acknowledges that the State has a legitimate interest in imposing the VPA fee.[8] He contends, however, that imposing legal financial obligations on a defendant who lacks the ability to pay does not rationally serve this interest. But Seward held that a mandatory VPA is rationally related to the State's interest:

---

[5] 194 Wn. App. 660, 674, 378 P.3d 230 (2016), review denied, 187 Wn.2d 1002 (2017); see also State v. Curry, 118 Wn.2d 911, 917, 829 P.2d 166 (1992); State v. Lewis, 194 Wn. App. 709, 715, 379 P.3d 129, review denied, 186 Wn.2d 1025 (2016).

[6] Shelton, 194 Wn. App. at 675.

[7] 196 Wn. App. 579, 384 P.3d 620 (2016), review denied, 188 Wn.2d 1015 (2017).

[8] Seward, 196 Wn. App. at 585 ("the VPA serves the legitimate state interest of funding comprehensive programs to encourage and facilitate testimony by victims and witnesses of crimes").

First, imposing [the VPA] on all felony offenders without first considering their ability to pay is rationally related to legitimate state interests because even though some offenders may be unable to pay, some will. So the imposition of [the VPA] on all offenders creates funding sources for these purposes.

Second, imposing [the VPA] on offenders who may be indigent at the time of sentencing is also rationally related to funding these purposes because the defendant's indigency may not always exist. We can conceive of situations in which an offender who is indigent at the time of sentencing will be able to pay the fees and assessments in the future. So it is not unreasonable to believe that imposing these fees and assessments on all indigent offenders would result in some funding for these purposes.[9]

We agree that the two statutes are rationally related to legitimate state interests as applied to all offenders. Finally, we do not address Ekriem's arguments about costs on appeal because the State does not intend to seek these costs.

Conclusion

We affirm.

_Leach, J._

WE CONCUR:

_Trickey, ACJ_          _Becker, J._

---

[9] Seward, 196 Wn. App. at 585.