# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75625-7-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| SENG KOUANG SAELEE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: September 25, 2017 |

PER CURIAM. Seng Saelee appeals the victim penalty assessment (VPA) imposed following his conviction for first degree criminal trespass. For the first time on appeal, he contends the statute authorizing the mandatory VPA assessment is unconstitutional as applied to defendants who do not have the ability or likely future ability to pay them. He concedes his contention is not ripe for review under our decision in State v. Shelton, 194 Wn. App. 660, 671-74, 378 P.3d 230 (2016), review denied, 187 Wn.2d 1002, 386 P.3d 1088 (2017),[1] but contends Shelton is wrongly decided because it relied on a distinguishable case -- State v. Curry, 118 Wn.2d 911, 829 P.2d 166 (1992). We adhere to our decision in Shelton.

Regardless of whether Curry is distinguishable in some respect, it still supports Shelton's holding that an *as applied substantive due process challenge* to financial obligations is not ripe until the State attempts to collect them. Curry, 118 Wn.2d at 917; see also State v. Curry, 62 Wn. App. 676, 681, 814 P.2d 1252 (1991), aff'd, 118 Wn.2d 911, 917, 829 P.2d 166 (1992). We adhere to that

---

[1] Accord State v. Lewis, 194 Wn. App. 709, 714-15, 379 P.3d 129, review denied, 186 Wn.2d 1025, 385 P.3d 118 (2016).

No. 75625-7–I/2

holding in <u>Shelton</u>, which applies equally to DNA and VPA assessments/fees.[2] We also adhere to <u>Shelton</u>'s holding that as-applied due process claims cannot constitute manifest constitutional error under RAP 2.5(a) until the State seeks to enforce collection of the fees or imposes a sanction for failure to pay.[3] While this court does have discretion to review Saelee's claim under RAP 2.5(a) in the absence of manifest constitutional error, the claim is not ripe and Saelee has not demonstrated that a significant risk of hardship will result from declining review at this time. <u>See</u> <u>Shelton</u>, 194 Wn.App. at 670; <u>State v. Cates</u>, 183 Wn.2d 531, 536, 354 P.3d 832 (2015).

Finally, even if Saelee's contentions were ripe for review and could be raised for the first time on appeal, they would fail under <u>State v. Seward</u>, 196 Wn. App. 579, 384 P.3d 620 (2016), <u>review</u> <u>denied</u>, 188 Wn.2d 1015, 396 P.3d 349 (2017) (imposition of VPA, DNA collection fee, and criminal filing fee prior to any individualized determination of ability to pay is rationally related to a legitimate state interest). Saelee's arguments regarding costs on appeal are moot since the State does not intend to seek such costs.

Affirmed.

For the court:

---

[2] <u>State v. Tyler</u>, 195 Wn. App. 385, 404 n.11, 382 P.3d 699 (2016) (applying <u>Shelton</u> to mandatory VPA and rejecting argument that RCW 10.01.160(3) applies to mandatory financial obligations);

[3] <u>Shelton</u>, at 672-73 (RAP 2.5(a)(3) bars challenge to VPA, DNA fee and filing fee for the first time on appeal because the claimed error is not "manifest" "[u]ntil the State attempts to enforce collection of the . . . fee or impose sanctions for failure to pay."); <u>accord</u> <u>Lewis</u>, 194 Wn. App. at 715.

-2-