# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

       Respondent,

v.

KHALIL FAHEEM ISLAM,

       Appellant.

No. 75349-5-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: September 25, 2017

2017 SEP 25 ... 11:29
COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

PER CURIAM. Khalil Islam appeals the victim penalty assessment (VPA) and the deoxyribonucleic acid (DNA) collection fee imposed following his conviction for second degree assault. For the first time on appeal, he claims the statutes authorizing these mandatory financial obligations are unconstitutional as applied to defendants who do not have the ability or likely future ability to pay them. He concedes his contention is not ripe for review under our decision in State v. Shelton, 194 Wn. App. 660, 671-74, 378 P.3d 230 (2016), review denied, 187 Wn.2d 1002, 386 P.3d 1088 (2017),[1] but contends Shelton is wrongly decided because it relied on a distinguishable case -- State v. Curry, 118 Wn.2d 911, 829 P.2d 166 (1992). We adhere to our decision in Shelton.

Regardless of whether Curry is distinguishable in some respect, it still supports Shelton's holding that an *as applied substantive due process challenge* to financial obligations is not ripe until the State attempts to collect them. Curry, 118 Wn.2d at 917; see also State v. Curry, 62 Wn. App. 676, 681, 814 P.2d 1252

---

[1] Accord State v. Lewis, 194 Wn. App. 709, 714-15, 379 P.3d 129, review denied, 186 Wn.2d 1025, 385 P.3d 118 (2016).

(1991), aff'd, 118 Wn.2d 911, 917, 829 P.2d 166 (1992). We adhere to that holding, which applies equally to DNA and VPA assessments/fees.[2] We also adhere to Shelton's holding that as-applied due process claims cannot constitute manifest constitutional error under RAP 2.5(a) until the State seeks to enforce collection of the fees or imposes a sanction for failure to pay.[3] While this court does have discretion to review Islam's claim under RAP 2.5(a) in the absence of manifest constitutional error, the claim is not ripe and Islam has not shown that a significant risk of hardship will result from declining review at this time. See Shelton, 194 Wn.App. at 670; State v. Cates, 183 Wn.2d 531, 536, 354 P.3d 832 (2015).

Finally, even if Islam's contentions were ripe for review and could be raised for the first time on appeal, they would fail under State v. Seward, 196 Wn. App. 579, 384 P.3d 620 (2016), review denied, 188 Wn.2d 1015, 396 P.3d 349 (2017) (imposition of VPA, DNA collection fee, and criminal filing fee prior to any individualized determination of ability to pay is rationally related to a legitimate state interest). Islam's arguments regarding costs on appeal are moot as the

---

[2] State v. Tyler, 195 Wn. App. 385, 404 n.11, 382 P.3d 699 (2016) (applying Shelton to mandatory VPA and rejecting argument that RCW 10.01.160(3) applies to mandatory financial obligations).

[3] Shelton, at 672-73 (RAP 2.5(a)(3) bars challenge to VPA, DNA fee and filing fee for the first time on appeal because the claimed error is not "manifest" "[u]ntil the State attempts to enforce collection of the . . . fee or impose sanctions for failure to pay."); accord Lewis, 194 Wn. App. at 715.

State does not intend to seek such costs.

Affirmed.

For the Court:

_Dwyer, J._

_Mann, J._

_Leach. J._