# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75118-2-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| JUSTIN WALTER WOODARD, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: September 25, 2017 |

PER CURIAM. Justin Woodard appeals the victim penalty assessment (VPA) and the deoxyribonucleic acid (DNA) collection fee imposed following his conviction for aggravated domestic violence assault in the second degree. For the first time on appeal, he contends the statutes authorizing these mandatory financial obligations are unconstitutional as applied to defendants who do not have the ability or likely future ability to pay them. He concedes his contention is not ripe for review under our decision in State v. Shelton, 194 Wn. App. 660, 671-74, 378 P.3d 230 (2016), review denied, 187 Wn.2d 1002, 386 P.3d 1088 (2017),[1] but contends Shelton is wrongly decided because it relied on a distinguishable case -- State v. Curry, 118 Wn.2d 911, 829 P.2d 166 (1992). We adhere to our decision in Shelton.

Regardless of whether Curry is distinguishable in some respect, it still supports Shelton's holding that an *as applied substantive due process challenge* to financial obligations is not ripe until the State attempts to collect them. Curry, 118 Wn.2d at 917; see also State v. Curry, 62 Wn. App. 676, 681, 814 P.2d 1252 (1991), aff'd, 118 Wn.2d 911, 917, 829 P.2d 166 (1992). We adhere to that

---

[1] Accord State v. Lewis, 194 Wn. App. 709, 714-15, 379 P.3d 129, review denied, 186 Wn.2d 1025, 385 P.3d 118 (2016).

No. 75118-2–I/2

holding in Shelton, which applies equally to DNA and VPA assessments/fees.[2]

We also adhere to Shelton's holding that as-applied due process claims cannot

constitute manifest constitutional error under RAP 2.5(a) until the State seeks to

enforce collection of the fees or imposes a sanction for failure to pay.[3] While this

court does have discretion to review Woodard's claim under RAP 2.5(a) in the

absence of manifest constitutional error, the claim is not ripe and Woodard has

not demonstrated that a significant risk of hardship will result from declining

review at this time. See Shelton, 194 Wn.App. at 670; State v. Cates, 183 Wn.2d

531, 536, 354 P.3d 832 (2015).

Finally, even if Woodard's contentions were ripe for review and could be

raised for the first time on appeal, they would fail under State v. Seward, 196 Wn.

App. 579, 384 P.3d 620 (2016), review denied, 188 Wn.2d 1015, 396 P.3d 349

(2017) (imposition of VPA, DNA collection fee, and criminal filing fee prior to any

individualized determination of ability to pay is rationally related to a legitimate

state interest). Woodard's arguments regarding costs on appeal are moot since

the State does not intend to seek such costs.

Affirmed.

For the court:

---

[2] State v. Tyler, 195 Wn. App. 385, 404 n.11, 382 P.3d 699 (2016) (applying Shelton to mandatory VPA and rejecting argument that RCW 10.01.160(3) applies to mandatory financial obligations).

[3] Shelton, at 672-73 (RAP 2.5(a)(3) bars challenge to VPA, DNA fee and filing fee for the first time on appeal because the claimed error is not "manifest" "[u]ntil the State attempts to enforce collection of the . . . fee or impose sanctions for failure to pay."); accord Lewis, 194 Wn. App. at 715.

-2-