
FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2017 NOV 20 AM 9: 16

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,       )
                                 )      No. 76406-3-I
           Respondent,    )
                                 )      DIVISION ONE
      v.                         )
                                 )
JORGE DOMINGO BARRIOS-NUNEZ, )      UNPUBLISHED OPINION
                                 )
           Appellant.      )      FILED:   November 20, 2017

PER CURIAM. Jorge Barrios-Nunez appeals the victim penalty assessment (VPA) and the deoxyribonucleic acid (DNA) collection fee imposed following his conviction for aggravated domestic violence assault in the second degree. For the first time on appeal, he contends the statutes authorizing these mandatory financial obligations are unconstitutional as applied to defendants who do not have the ability or likely future ability to pay them. He concedes his contention is not ripe for review under our decision in State v. Shelton, 194 Wn.App. 660, 671-74, 378 P.3d 230 (2016), review denied, 187 Wn.2d 1002 (2017),[1] but contends Shelton is wrongly decided because it relied on a distinguishable case -- State v. Curry, 118 Wn.2d 911, 829 P.2d 166 (1992).

Regardless of whether Curry is distinguishable in some respect, it still supports Shelton's holding that an *as applied substantive due process challenge*

---

[1] Accord State v. Lewis, 194 Wn. App. 709, 714-15, 379 P.3d 129, review denied, 186 Wn.2d 1025, 385 P.3d 118 (2016).

to financial obligations is not ripe until the State attempts to collect them. Curry, 118 Wn.2d at 917; see also State v. Curry, 62 Wn. App. 676, 681, 814 P.2d 1252 (1991), aff'd, 118 Wn.2d 911, 917, 829 P.2d 166 (1992). We adhere to that holding in Shelton, which applies equally to DNA and VPA assessments/fees.[2] We also adhere to Shelton's holding that as-applied due process claims cannot constitute manifest constitutional error under RAP 2.5(a) until the State seeks to enforce collection of the fees or imposes a sanction for failure to pay.[3] While this court does have discretion to review Barrios-Nunez's claim under RAP 2.5(a) in the absence of manifest constitutional error, the claim is not ripe and Barrios-Nunez has not shown that a significant risk of hardship will result from declining review at this time. See Shelton, 194 Wn. App. at 670; State v. Cates, 183 Wn.2d 531, 536, 354 P.3d 832 (2015).

Finally, even if Barrios-Nunez's contentions were ripe for review and could be raised for the first time on appeal, they would fail under State v. Seward, 196 Wn.App. 579, 384 P.3d 620 (2016), review denied, 188 Wn.2d 1015 (2017) (imposition of VPA, DNA collection fee, and criminal filing fee prior to any

---

[2] State v. Tyler, 195 Wn. App. 385, 404 n. 11, 382 P.3d 699 (2016) (applying Shelton to mandatory VPA and rejecting argument that RCW 10.01.160(3) applies to mandatory financial obligations);
[3] Shelton, at 674-75 (RAP 2.5(a)(3) bars challenge to DNA fee for the first time on appeal because the claimed error is not "manifest" "[u]ntil the State seeks to enforce collection of the DNA fee or impose a sanction for failure to pay."); accord Lewis, 194 Wn. App. at 715.

determination of ability to pay is rationally related to a legitimate state interest).

Affirmed.

For the Court:

_Maxa, J._

Trickey, ACJ

Becker, J.