IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35529-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RIGOBERTO CASTELLON VASQUEZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — The trial court imposed a $500 victim penalty assessment and a

$200 criminal filing fee on Rigoberto Vasquez after a jury found Vasquez guilty of

violating an anti-harassment order. At the time of sentencing, the law deemed both legal

financial obligations mandatory. On appeal, Vasquez argues that both the assessment and

the fee violate his substantive due process rights. Since the sentencing hearing,

significant changes in the law have occurred. A 2018 enactment now prohibits imposing

the criminal filing fee against an indigent defendant. We, therefore, vacate the $200

criminal filing fee. Based on earlier precedent, we affirm the constitutionality of the

victim penalty assessment.

FACTS

The underlying facts of this appeal lack relevance as Rigoberto Vasquez assigns error solely to sentencing matters. We briefly recite some background, however.

A civil anti-harassment order prohibited Rigoberto Vasquez from contact with April Gregg. Gregg stopped her car in a left turn lane at a traffic light. David Hockett rode in the car. Rigoberto Vasquez, while driving a friend's pickup truck, pulled alongside Gregg's car. The three individuals supplied differing stories as to what occurred next, but both vehicles suffered damage after a low-speed collision.

PROCEDURE

The State of Washington charged Rigoberto Vasquez with a misdemeanor violation of a civil anti-harassment order and assault in the third degree. The jury found Vasquez not guilty of assault in the third degree but guilty of violating the anti-harassment court order. As part of Vasquez's sentence, the trial court imposed a $200 criminal filing fee pursuant to RCW 36.18.020(2)(h) and the $500 victim penalty assessment pursuant to RCW 7.68.035(1)(a).

LAW AND ANALYSIS

On appeal, Rigoberto Vasquez challenges both the imposition of the victim penalty assessment and the criminal filing fee. We address each imposition in such order.

Victim Penalty Assessment

Rigoberto Vasquez presents an as-applied constitutional challenge to the victim

penalty assessment fee.  As a preliminary matter, we must consider whether Rigoberto

Vasquez's challenge is reviewable under RAP 2.5(a)(3) since Vasquez did not object

before the trial court to the assessment of the $500 penalty.  The State of Washington

argues that Rigoberto Vasquez waived his right to challenge the assessment on appeal.

Generally, this court will not review an argument raised for the first time on

appeal.  RAP 2.5(a).  There is an exception to this rule for manifest error affecting a

constitutional right.  RAP 2.5(a)(3).  Washington courts and even decisions internally

have announced differing formulations for "manifest error."  A manifest error is one

"truly of constitutional magnitude."  *State v. Scott*, 110 Wn.2d 682, 688, 757 P.2d 492

(1988).  In other words, the constitutional error must be clear.  We conclude that

Rigoberto Vasquez does not present a manifest constitutional error.

Multiple controlling decisions require the trial court to impose the $500 victim

penalty assessment without regard as to the defendant's ability to pay.  *State v. Lundy*,

176 Wn. App. 96, 308 P.3d 755 (2013); *State v. Kuster*, 175 Wn. App. 420, 306 P.3d

1022 (2013); *State v. Curry*, 118 Wn.2d 911, 829 P.2d 166 (1992).  The ability-to-pay

inquiry only applies to discretionary legal financial obligations, not mandatory

obligations.  *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015).

Courts have also rejected the underlying merits of Vasquez's constitutional

argument.  In *State v. Mathers*, 193 Wn. App. 913, 376 P.3d 1163, *review denied*, 186

Wn.2d 1015 (2016), this court held that mandatory legal financial obligations do not

violate a defendant's due process rights. In *State v. Seward*, 196 Wn. App. 579, 384 P.3d 620, *review denied*, 188 Wn.2d 1015 (2017), this court held that mandatory financial obligations rationally relate to legitimate state interests.

## Criminal Filing Fee

For the first time on appeal, Rigoberto Vasquez argues that the mandatory criminal filing fee violates equal protection given that similarly situated civil litigants are permitted a waiver of the fee. Vasquez also employs a linguistic and gymnastic argument that the words "shall be liable," found in RCW 36.18.020(2)(h), do not denote a mandatory obligation. Washington courts have previously rejected these arguments. Nevertheless, we still grant Vasquez relief because of a recent change in law.

House Bill 1783 became law in July 2018. The bill amended Washington's system for imposing and collecting legal financial obligations and effected two of the statutes at issue: RCW 10.01.160 and RCW 36.18.020(2)(h). *State v. Ramirez*, ___ Wn.2d ___, 426 P.3d 714 (2018). House Bill 1783 prohibits imposing the $200 criminal filing fee on indigent defendants. LAWS OF 2018, ch. 269, § 17. Thus, no longer can courts treat the filing fee as a mandatory financial obligation.

In *State v. Ramirez*, 426 P.3d 714, the Washington Supreme Court held that David Ramirez was entitled to the benefit of House Bill 1783, despite the bill's effective date succeeding the filing of his appeal. The court observed that Ramirez's case was on appeal as a matter of right and thus not yet final under RAP 12.7 when House Bill 1783

became effective. Because House Bill 1783's provisions pertain to costs imposed on conviction and Ramirez's case was not yet final on enactment of the amendments, Ramirez was entitled to benefit from this statutory change.

The superior court found Rigoberto Vasquez indigent for purposes of this appeal. We follow the finding and declare the imposition of the $200 criminal filing fee to conflict with new law.

## CONCLUSION

We affirm the superior court's imposition of the victim penalty assessment. We remand to the superior court for vacation of the criminal filing fee. We deny the State costs on appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Korsmo, J.

_____
Pennell, A.C.J.

5