**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 82744-8-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| JEFFREY ALEXANDER WIDMER, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |
| | ) | |

MANN, C.J. — Jeffrey Widmer appeals the trial court's judgment and sentence finding him guilty of three counts of gross misdemeanor harassment. Widmer argues that the mandatory victim penalty assessment (VPA) is unconstitutional when imposed on indigent defendants. We affirm.

## FACTS

The State charged Widmer with three counts of felony harassment for threatening to kill three different individuals at his apartment complex. Following a plea bargain, Widmer pleaded guilty to three counts of gross misdemeanor harassment.

The parties' joint sentencing recommendation included a mandatory $500 VPA. Defense counsel asked the court to follow the recommendation. The sentencing court

waived all discretionary legal financial obligations due to Widmer's indigency, but imposed the VPA. Widmer did not object at sentencing.

Widmer appeals.

## ANALYSIS

Widmer argues that the VPA is unconstitutional when imposed on indigent defendants, violating the excessive fines clause of the Washington Constitution. WASH. CONST. art. I, § 14. We disagree.

As a threshold matter, the State contends that Widmer invited any error by agreeing to recommend the VPA. See State v. Carson, 179 Wn. App. 961, 973, 320 P.3d 185 (2014) (holding that the invited error doctrine precludes a criminal defendant from seeking appellate review of an error that he helped create, even when the alleged error implicates a constitutional right). The State also asserts that we need not consider Widmer's argument for the first time on appeal because he cannot demonstrate that it is a manifest error affecting a constitutional right. RAP 2.5(a). Regardless of the constraints that the invited error doctrine or RAP 2.5(a) may place on Widmer's appeal, his argument nonetheless fails.

RCW 7.68.035(1) provides in part:

> (a) When any person is found guilty in any superior court of having committed a crime . . . there shall be imposed by the court upon such convicted person a penalty assessment. The assessment shall be in addition to any other penalty or fine imposed by law and shall be five hundred dollars for each case or cause of action that includes one or more convictions of a felony or gross misdemeanor.

The Washington Supreme Court has already upheld the constitutionality of this statute. State v. Curry, 118 Wn.2d 911, 917, 829 P.2d 166 (1992). In Curry, the court reasoned that constitutional principles will not be implicated unless the government

seeks to enforce collection of the assessments at a time when a defendant is unable to comply. Curry, 118 Wn.2d at 917. It is at the point when an indigent defendant may be faced with alternatives of payment or imprisonment that they may assert a constitutional objection based on the grounds of their indigency. Curry, 118 Wn.2d at 917.

The Curry court noted that there are sufficient safeguards in the current sentencing scheme to prevent the imprisonment of indigent defendants: "a sentencing court shall require a defendant the opportunity to show cause why he or she should not be incarcerated for a violation of his or her sentence, and the court is empowered to treat a nonwillful violation more leniently. Moreover, contempt proceedings for violations of a sentence are defined as those which are intentional." Curry, 118 Wn.2d at 918 (citing RCW 9.94A.200; RCW 7.21.010(1)(b)). The court concluded that, due to such safeguards, no defendant will be incarcerated for their inability to pay the penalty assessment unless the violation is willful. Curry, 118 Wn.2d at 918.

Once our Supreme Court "has decided an issue of state law, that interpretation is binding on all lower courts until it is overruled." State v. Gore, 101 Wn.2d 481, 487, 681 P.2d 227 (1984).

Affirmed.

_____
Mann, C.J.

WE CONCUR:

_____          _____

-3-