# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| STATE OF WASHINGTON, | ) | |
|---|---|---|
| | ) | No. 75162-0-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| TOMMIE BERNARD LEWIS, | ) | |
| | ) | |
| Appellant. | ) | FILED: September 25, 2017 |

TRICKEY, A.C.J. — Tommie Lewis appeals the trial court's imposition of a victim penalty assessment (VPA) under RCW 7.68.035 after his conviction for assault in the fourth degree. He claims for the first time on appeal that the VPA violates his substantive due process rights because he is indigent. Because this court has consistently held that pre-enforcement substantive due process challenges to mandatory legal financial obligations (LFOs) are not ripe for review, we affirm.

## FACTS

Tommie Lewis was charged with multiple domestic violence related crimes and was ultimately convicted of assault in the fourth degree. At sentencing, the court imposed the mandatory $500 VPA but waived all non-mandatory fees. Lewis appeals.

## ANALYSIS

Lewis argues that the VPA imposed by the trial court violates his substantive due process rights because he has no current or future ability to pay. However, we need not reach the merits of his argument as his claim is not ripe for review.

This court has clearly established that challenges to mandatory fees are not ripe for review until the State attempts to collect. State v. Shelton, 194 Wn. App.

660, 672, 378 P. 3d 230 (2016), review denied, 187 Wn.2d 1002, 386 P.3d 1088 (2017); see also State v. Curry, 118 Wn.2d 911, 917 n.3, 829 P.2d 166 (1992); State v. Lewis, 194 Wn. App. 709, 714-15, 379 P.3d 129, review denied, 186 Wn.2d 1025, 385 P.3d 118 (2016); State v. Tyler, 195 Wn. App. 385, 404 n.11, 382 P.3d 699 (2016). Both Shelton and Curry address the argument that mandatory fees statutes may result in unconstitutional imprisonment in the future due to inability to pay. Shelton, 194 Wn. App. 672-73; Curry, 118 Wn.2d at 917. The court determined that constitutional principles are only implicated at the time of enforced collection, when an indigent defendant may face the alternatives of payment or imprisonment. Curry, 118 Wn.2d at 917. "[T]he relevant question is whether the defendant is indigent at the time the State attempts to sanction the defendant for failure to pay." Shelton, 194 Wn. App. at 672-73 (alteration in original) (quoting State v. Sanchez Valencia, 169 Wn.2d 782, 789, 239 P.3d 1059 (2010)). Pre-enforcement challenges based on future possibility of unconstitutional imprisonment are unnecessary because sufficient safeguards exist to protect indigent defendants. Curry, 118 Wn.2d at 917-18; Shelton, 194 Wn. App. at 671-72. Where the record does not demonstrate an attempt to collect the debt or a sanction for failure to pay, further factual development is necessary before the court will address the constitutional issue. See Shelton, 194 Wn. App. at 672.

Here, the record includes no evidence of the State attempting to collect or sanctioning for failure to pay. Without evidence of enforcement, the challenge is not ripe for review.

Lewis acknowledges that the Shelton court declined to review a nearly identical challenge. He attempts to distinguish his case by arguing that his substantive due process rights are being violated by the current operation of the VPA, rather than a speculative future possibility of imprisonment as discussed in Curry and Shelton. According to Lewis, this distinction makes further factual development unnecessary for the court to reach the merits of his claim.

Lewis's focus on the statute "as it operates at this moment" attempts to circumvent the prerequisite of an enforcement action for his claim to be ripe for review.[1] However, he fails to provide evidence of a presently existing negative impact to differentiate his claim from the many pre-enforcement challenges rejected by this court. "The imposition of the penalty assessment, standing alone, is not enough to raise constitutional concerns." Curry, 118 Wn.2d at 917 n.3. Because constitutional principles are not implicated until the State attempts enforcement of the fee, Lewis's substantive due process claim is not ripe for review. Shelton, 194 Wn. App. at 674.

Lewis also argues the court should address the merits of his claim as a manifest constitutional error. A party may raise a "manifest error affecting a constitutional right" for the first time on appeal. RAP 2.5(a)(3). "For a claim of error to qualify as a claim of manifest error affecting a constitutional right, the defendant must identify the constitutional error and show that it actually affected his or her rights at trial." State v. Lamar, 180 Wn.2d 576, 583, 327 P.3d 46 (2014). The claimed error must have "practical and identifiable consequences." Lamar,

---

[1] Appellant's Br. at 10

3

180 Wn.2d 583. "If the facts necessary to adjudicate the claimed error are not in the record on appeal, no actual prejudice is shown and the error is not manifest." State v. McFarland, 127 Wn.2d 322, 333, 899 P.3d 1251 (1995).

Shelton has established that these pre-enforcement claims are not manifest constitutional error subject to review under RAP 2.5(a)(3). 194 Wn. App. at 674-75. An appellant cannot show manifest error until the State has sought to enforce collection of the fee or imposed sanctions for failure to pay. Shelton, 194 Wn. App. at 674-75; see also Lewis, 194 Wn. App. at 715. Lewis disagrees with this conclusion, claiming the trial court's imposition of the VPA resulted in the practical and identifiable consequences of "unjustly burdening Lewis with criminal debt without any rational basis to conclude that the [S]tate will ever recoup this amount."[2] Again, Lewis fails to identify how this burden affects his rights, absent an attempt to collect the debt. The mere imposition of the penalty assessment is not enough. Curry, 118 Wn.2d at 917 n.3.

Finally, Lewis attempts to show manifest constitutional error by arguing the VPA runs afoul of the constitutional limits on the imposition and collection of LFOs. Limitations have been imposed on discretionary LFOs to protect an indigent defendant's constitutional rights. See State v. Barklind, 87 Wn.2d 814, 817, 557 P.2d 314 (1976). Among the limitations, repayment must not be mandatory, repayment may be imposed only on convicted defendants, repayment may only be ordered if the defendant is or will be able to pay, and the financial resources of

---

[2] Appellant's Br. at 12.

4

the defendant must be considered. State v. Duncan, 185 Wn.2d 430, 436, 374 P.3d 83 (2016) (quoting Curry, 118 Wn.2d at 915-16).

These limitations were established only with respect to discretionary LFOs. See Barklind, 87 Wn.2d at 815-16 (repayment of a portion of expenses for court-appointed defense); Duncan, 185 Wn.2d at 435 (court ordered defendant to pay restitution, costs, assessments, fines, $50 per day toward cost of incarceration and costs of his medical care). Lewis provides no authority applying the constitutional requirements of discretionary LFOs to mandatory LFOs, like the VPA. Furthermore, the Washington Supreme Court has explicitly held that the current sentencing scheme has sufficient safeguards to prevent imprisonment of indigent defendants for inability to pay a VPA. Curry, 118 Wn.2d at 917-18. As a result, Lewis cannot show a manifest constitutional error requiring review under RAP 2.5(a)(3).

Lewis requests this court exercise its discretion to review under RAP 2.5(a). Appellate courts are not required to refuse review of errors raised for the first time on appeal. Duncan, 185 Wn.2d at 437. Because the claim is not ripe, there is no manifest constitutional error, and no showing of hardship other than the mere existence of the VPA, we decline to reach the merits.

Affirmed.

_____
Trickey, A.C.J.

WE CONCUR:

_____
Leach, J.

_____
Becker, J.

5