**NOTICE:  SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

FILED
3/13/2023
Court of Appeals
Division I
State of Washington

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON, | No. 83720-6-I |
| Respondent, | |
| v. | PUBLISHED OPINION |
| JAMES DAVID GRIEPSMA, JR., | |
| Appellant. | |

BOWMAN, J. — James David Griepsma Jr. challenges imposition of the mandatory $500 victim penalty assessment (VPA) as unconstitutional under the excessive fines clauses of the Eighth Amendment to the United States Constitution and article I, section 14 of the Washington State Constitution.  We affirm.

FACTS

On March 25, 2019, a jury convicted Griepsma of six counts of third degree felony assault of a law enforcement officer and one count of third degree malicious mischief, a gross misdemeanor.  The trial court imposed concurrent midrange sentences of 55 months for each of the assault convictions and a concurrent 364-day sentence for the misdemeanor, but it did not order community custody.  The court also imposed the mandatory $500 VPA.

Griepsma appealed.  We affirmed Griepsma's convictions but remanded for resentencing to recalculate his offender score and to impose statutorily

No. 83720-6-I/2

mandated community custody.[1]  On remand, the trial court imposed the same

sentence but also imposed community custody.[2]

Griepsma appeals imposition of the mandatory $500 VPA.

ANALYSIS

Griepsma argues that the VPA "violates the excessive fines clause[s]

because it is disproportional punishment."  We disagree.

Both our federal and state constitutions deny the government the power to

issue excessive fines.  U.S. CONST. amend. VIII ("Excessive bail shall not be

required, nor excessive fines imposed, nor cruel and unusual punishments

inflicted."); WASH. CONST. art. I, § 14 ("Excessive bail shall not be required,

excessive fines imposed, nor cruel punishment inflicted.").  The Eighth

Amendment is applicable to the states by incorporation through the Fourteenth

Amendment's due process clause.  Timbs v. Indiana, __ U.S. __, 139 S. Ct. 682,

686, 203 L. Ed. 2d 11 (2019); U.S. CONST. amend. XIV.  For a fine to be

unconstitutional, it must be at least partially punitive and it must be excessive.

City of Seattle v. Long, 198 Wn.2d 136, 162-63, 493 P.3d 94 (2021).

The VPA statute mandates imposition of the assessment.  RCW

7.68.035(1)(a) provides:

> When any person is found guilty in any superior court of having
> committed a crime . . . , there shall be imposed by the court upon
> such convicted person a penalty assessment.  The assessment

---

[1] State v. Griepsma, 17 Wn. App. 2d 606, 624, 490 P.3d 239, review denied, 198 Wn.2d 1016, 495 P.3d 844 (2021).

[2] The parties later filed a stipulated motion to amend the judgment and sentence to set "a fixed term of community custody of [five] months" for each assault conviction and to strike the discretionary supervision fees due to Griepsma's indigency.  The court granted the motion.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

shall be in addition to any other penalty or fine imposed by law and shall be five hundred dollars for each case or cause of action that includes one or more convictions of a felony or gross misdemeanor.

In State v. Curry, 118 Wn.2d 911, 918, 829 P.2d 166 (1992), our Supreme Court held that the VPA "is neither unconstitutional on its face nor as applied to indigent defendants." Recently, in State v. Tatum, 23 Wn. App. 2d 123, 130-31, 514 P.3d 763, review denied, 200 Wn.2d 1021, 520 P.3d 977 (2022), we rejected an excessive fines challenge to the VPA, explaining that we are bound by our Supreme Court's decision in Curry. And we reached the same conclusion three months later in State v. Ramos, __ Wn. App. 2d __, 520 P.3d 65, 79 (2022) ("As this court explained in Tatum, we are bound by [Curry's] holding here.").

Griepsma argues the VPA is partially punitive and we should not rely on Tatum or Curry. According to Griepsma, Tatum "avoided the issue of whether the [VPA] is punitive," and Curry "did not address a challenge under the excessive fines clause[s]." But in Tatum, we recognized that the reasoning in Curry is "vague" and "does not state precisely what constitutional arguments it took into account." 23 Wn. App. 2d at 130. Still, we explained that the Supreme Court's concern in Curry was "the constitutionality of the [VPA] statute in light of indigent defendants' potential inability to pay." Id. So, we are bound by the holding in Curry. See State v. Gore, 101 Wn.2d 481, 487, 681 P.2d 227 (1984) ("once [our Supreme Court] has decided an issue of state law, that interpretation is binding on all lower courts").

Finally, Griepsma contends we should not follow Curry because our Supreme Court would likely reach a different result now. He argues this is so

3

No. 83720-6-I/4

because recent United States and Washington Supreme Court cases make clear that the VPA is at least partially punitive. In support of his argument, Griepsma points to Timbs, 139 S. Ct. at 686-91 (holding that the Eighth Amendment is an incorporated protection applicable to the states through the Fourteenth Amendment and that civil in rem forfeitures are fines for purposes of the Eighth Amendment when they are at least partially punitive), and Long, 198 Wn.2d at 162-63 (holding that the impoundment of a vehicle and associated costs amount to fines subject to an excessive fines clause analysis). But neither case addresses whether the VPA is subject to an excessive fines clause analysis. And our Supreme Court denied review of Tatum after Timbs and Long were issued. Tatum, 200 Wn.2d at 1021. Regardless, it is the province of the Supreme Court to decide whether to reject its prior holdings. See State v. Jones, 159 Wn.2d 231, 239 n.7, 149 P.3d 636 (2006) (it is the Supreme Court's prerogative alone to reject a prior holding).

We affirm the trial court's imposition of the mandatory $500 VPA.

Bowman, J.

WE CONCUR:

Birk, J.          Dwyer, J.

4

<u>State v. James Griepsma Jr., No. 83720-6-I</u>

DWYER, J. (concurring) — Once again we are asked to disregard a directly controlling decision of our Supreme Court because, the appellant's counsel believes, a new, different, and better argument is being advanced than was advanced by those poor, timid, uninspired attorneys who lost the previous cases.

My view on this entreaty is borrowed from a fine jurist, writing for a talented panel, several years ago.

> Repeatedly, in decisions that no one thinks fossilized, the Justices have directed trial and appellate judges to implement the Supreme Court's holdings even if the reasoning in later opinions has undermined their rationale. "If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." <u>Rodriguez de Quijas v. Shearson/Am. Express, Inc.</u>, 490 U.S. 477, 484, 109 S. Ct. 1917, 104 L. Ed. 2d 526 (1989). . . . If a court of appeals could disregard a decision of the Supreme Court by identifying, and accepting, one or another contention not expressly addressed by the Justices, the Court's decisions could be circumvented with ease. They would bind only judges too dim-witted to come up with a novel argument.

<u>Nat'l Rifle Ass'n of Am., Inc. v. City of Chicago</u>, 567 F.3d 856, 857-58 (7th Cir. 2009) (Easterbrook, C.J., authoring; Bauer, J. and Posner, J., concurring), <u>rev'd on other grounds sub nom. McDonald v. City of Chicago</u>, 561 U.S. 742, 130 S. Ct. 3020, 177 L. Ed. 2d 894 (2010).

If I could have said it better, I would have.